## DALLAS COUNTY V. ROYAL C. MILLER, ET AL.

No. 7974. Decided December 16, 1942.
Rehearing overruled January 13, 1943.
(166 S. W., 2d Series, 922.)

*Dean Gauldin,* Criminal District Attorney, *H. Pat Edwards,* Civil District Attorney, and *Warren S. Cook,* Assistant District Attorney of Dallas County, all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold, as a matter of law, based upon undisputed evidence, that the negligence of the employees of Dallas County were sufficient proof of acts inconsistent with the intention on its part to retain and assert the public rights in the easement in controversy, and therefore sufficient to constitute evidence of abandonment. State v. Travis County, 21 S. W. 1029, 1931; Houston v. Finnegan, 85 S. W. 470; Robinson v. Whaley Farm Corporation, 120 Texas 633, 37 S. W. (2d) 714.

*Wm. Andress, Jr.,* of Dallas, for respondents.

A county cannot abandon public property without a formal order. Pitts v. Camp County, 42 S. W. (2d) 853; McLennan

County v. Taylor, 96 S. W. 997; Reynolds v. City of Alice, 150 S. W. (2d) 455, 26 C. J. S. 150.

*Gordon Simpson, Lasseter, Simpson, Spruiell & Lowry,* all of Tyler, *Scurry & Scurry* and *Robert H. Jones, Jr.,* of Dallas, filed briefs as amici curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is a suit brought by respondents Royal C. Miller and Mrs. Emma Miller Exline, joined by her husband, A. L. Exline, against Dallas County and certain owners of land adjacent to that involved herein to clear their title to, and recover possession of a portion of a strip of land 200 feet in width situated just outside the limits of the City of Dallas, theretofore dedicated by them as an extension of Cadiz street in the City of Dallas. In answer to special issues the jury found, in substance, that Dallas County had abandoned for street and road purposes strips along the outside edges of the right of way 50 feet in width, that is, that it had abandoned all of the 200 foot right of way except 100 feet through the center thereof. Notwithstanding the answers of the jury the court, upon motion of the county for judgment non obstante veredicto, rendered judgment that respondents take nothing. Upon appeal the Court of Civil Appeals by a majority decision, the Chief Justice dissenting, reversed the judgment of the trial court and rendered judgment for respondents upon the verdict. 158 S. W. (2d) 828.

The question of whether or not Dallas County had abandoned a portion of this dedicated strip was the subject of prior litigation between these same parties. In the former suit Dallas County was the plaintiff and the relief sought and obtained by it was an injunction against respondents perpetually enjoining them from obstructing the use of any portion of the dedicated premises for street and road purposes. The history of the manner of acquiring this easement and the use to which it had been put prior to the time of the trial in the former suit is recited in the opinion in that case, in Miller v. Dallas County, 71 S. W. (2d) 377. Application for writ of error was refused in that case. The judgment entered therein, as between respondents and the County adjudged the fee in the 200 foot strip to be in respondents, subject to an easement in the County over and across all of said permises for road purposes. That judgment -was rendered in the trial court on December 3, 1932,

and became final by a refusal of an application for writ of error in October, 1934. The claim of the respondents in the instant suit is that, after the judgment in the former suit became final and prior to the institution of the present suit in July, 1938, the County abandoned strips on the outside edges of the right of way. In their petition the respondents did not allege specifically the width of the strips which they claimed the County had abandoned, but the jury found, as above stated, that such strips were each 50 feet wide.

There is no question of res adjudicata in the case. The respondents recognize that the former judgment adjudicated the question that the county had not at the time of its rendition abandoned any portion of its right of way, and ground their case solely upon the contention that an abandonment has taken place since that time.

■ We accept as elementary the proposition of respondents that, if the finding of the jury were based upon any evidence of probative force, the trial court exceeded its power in rendering judgment non obstante veredicto. Specifically, then, the question for decision is this: Is there any evidence of probative force supporting the finding of the jury? After mature consideration we have concluded that there is none.

■ Before examining the testimony relied upon by the respondents we note the universally recognized rule that, while abandonment may be established, like any other fact, by circumstances, yet those circumstances must disclose some definite act showing an intention to abandon and terminate the right possessed by the easement owner. The material question is the intention to abandon, and that intention must be established by clear and satisfactory evidence. Mere nonuser of an easement will not extinguish it. 14 Tex. Jur. p. 733, sec. 37, and the cases there cited. 17 Am. Jur., Easements, sec. 144.

The principal testimony relied upon by respondents to raise the issue of abandonment and the testimony which the majority of the Court of Civil Appeals found to be the most material item of evidence is a resolution adopted by the Commissioners' Court of Dallas County on August 5, 1935, reading as follows:

"At a regular meeting of the Commissioners' Court held on Aug. 5th., 1935, on motion made by C. A. Tosch, Commissioner

of Precinct No. Two and seconded by Tom Field, Commissioner of Precinct No. One, the following Order was unamiously adopted:

"WHEREAS, on or about the 18th day of February, A. D. 1933, by a certain instrument recorded in Volume 1788, Page 422, of the Deed Records of Dallas County, Texas, Martin Weiss and wife, Charlotte Weiss, dedicated to the County of Dallas, a certain lot, tract or parcel of land lying in the W. S. Beatty Survey, Abstract No. 57, being 50 feet on each side of the original dedication of a 100 foot right of way for the east approach to the Cadiz Street Viaduct, reference being here made to said instrument for a more specific description, and

"WHEREAS, said tract of land was dedicated to the County of Dallas, and to the public without solicitation on the part of the County, and without its knowledge or request, and

"WHEREAS, said dedication was never accepted nor acted upon by the County of Dallas, and

"WHEREAS, said dedication makes said right of way irregular in shape, and

"WHEREAS, said additional right of way has not been, and is not now, necessary for the construction, maintenance or widening of said approach to the Cadiz Street Viaduct;

"IT IS THEREFORE ORDERED, adjudged and decreed by the Court, that any interest or right which the County of Dallas may have acquired in its governmental capacity for the benefit of the public by reason of said dedication be and the same is hereby abandoned, and said dedication is in no wise accepted for right of way or other public purposes."

The Weiss land which was the subject of the resolution adjoins the Miller land to the west. The right of way across the Weiss land is approximately 700 feet in length, while that across the land of the respondents is less than 300 feet in length. Both tracts are within the boundaries of the City and County of Dallas Levee Improvement District and in that section thereof between the Cadiz street viaduct and the Cadiz street underpass. The distance between the viaduct and the underpass is approximately 2000 feet. The Weiss land abuts upon the Cadiz street viaduct at one end and upon Industrial Boulevard, which intersects Cadiz Street on the other. The strip dedicated by the respondents also abuts on Industrial Boulevard. Between the strip claimed by respondents and the Cadiz street under-

pass it appears that the county has never acquired an easement of more than 100 feet in width. The only section of right of way 200 feet in width claimed by the county between the viaduct and the underpass, so far as this record discloses, is the short strip dedicated by respondents.

■ We agree with respondents that, had the record disclosed that the County had formed a plan to utilize a right of way 200 feet wide across this section for highway purposes, and that, after such plan had been formed and the right of way acquired from respondents, the County had voluntarily abandoned 100 feet of the right of way across the Weiss land, that would probably be some evidence of an abandonment of a like strip across their land, for, as stated in Griffith v. Allison, 128 Texas 86, 96 S. W. (2d) 74, "It appears to be well-settled that an abandonment, even of an easement acquired by purchase, occurs * * * * where the object of the use for which the property is dedicated wholly fails."

But that is not the situation reflected by this record. The resolution above copied discloses that the Weiss dedication of an extra 100 feet of right of way was on February 18, 1933. As noted above, the judgment in the trial court in the former litigation between these parties, in which it was held that the County had not abandoned any portion of its right of way across respondents' land, was dated December 3, 1932. At that time the right of way across the Weiss land was but 100 feet wide and there was no plan, so far as this record reveals, of maintaining a 200 foot right of way across the section of road between the viaduct and the underspass. It appears that none of the right of way across that section was of a greater width than 100 feet except the small portion of less than 300 feet in length dedicated by the respondents. Just why the county has consistently desired to have the right of way wider at that particular spot where Cadiz street and Industrial Boulevard interesects is a matter of no importance. Whatever the reason might be, it is evident that the releasing of, or declining to accept the outer edges of the Weiss strip had no relation whatever thereto. The county asserted ownership of an easement 200 feet wide across relator's strip of land in the former litigation prior to the dedication by Weiss just the same as it has continued to do since it declined to accept that dedication. It, therefore, conclusively appears that the abandonment of the Weiss land or the refusal to accept same throws no light

whatever upon the question of the abandonment of the relator's land.

■ Respondents offered in evidence a map of Dallas County prepared by its engineer which showed that the right of way across their land was 100 feet wide and it is claimed that that was some evidence of abandonment of all of the dedicated strip in excess thereof. The record fails to show when this map was prepared, but it does show that it was prepared from the records and that the dedication by respondents was not of record. From this it follows, we think, that the map, within itself, is no evidence of abandonment. It is disclosed by the record that this case has been tried twice in the lower court, and that about 15 months elapsed between the first trial and the second trial. It is further disclosed that some of the County Commissioners were present at the former trial and then were informed that the map showed this right of way to be but 100 feet wide, and it is argued that the fact that with that knowledge they have made no change in the map is some evidence of abandonment. With this we cannot agree. During all of that time Dallas County has been and still is, actively litigating the question of abandonment in this suit, and it could not be held that the failure of its Commissioners to have a map changed under such circumstances would be evidence that the county had abandoned the very subject matter of the litigation. On the contrary, the carrying on of this litigation effectively negatives any intention to abandon it.

■ There is evidence here of negligence on the part of some of the county officials in failing to keep the right of way clear of advertising signs and other obstructions, but it falls far short of indicating an intentional abandonment of any portion of the right of way. Negligence of an officer or servant of the county is certainly no evidence of an intentional giving up of the County's property.

We are well convinced that this record reflects no legal evidence that Dallas County intentionally abandoned any part of this right of way, and it is accordingly ordered that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court December 16, 1942.

Rehearing overruled January 13, 1943.