Carolyn Gonzales GARZA and Enrique
Garza, Appellants,

v.

WILLIAMS BROTHERS CONSTRUC-
TION CO., INC., C.C. Express, Inc., and
Mathes K. Zachary, Appellees.

No. C14-93-00894-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 9, 1994.

Robert Cruz, Houston, for appellants.

Andrew T. McKinney, IV, John Murphy,
Houston, George Michael Jamail, Christo-
pher Coco, Beaumont, for appellees.

Before ROBERTSON, CANNON and
DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is a consolidated appeal from two
separate summary judgments granted in fa-
vor of appellees, Williams Brothers Con-
struction Co., Inc. ("Williams"), C.C. Ex-
press, Inc. ("Express"), and Mathes K. Zach-
ary ("Zachary"). Appellants, Carolyn Gon-
zales Garza and Enrique Garza, brought a
personal injury action arising out of an auto-
mobile collision against appellees. Appellees
filed their motions for summary judgment
alleging that the suit was barred by the
statute of limitations, and the trial court
granted both motions. In three points of
error, appellants contend that the trial court
erred in: (1) granting appellees' motions for
summary judgment because fact issues exist-
ed; and (2) shifting the burden to them to
show that the county sheriff's office employ-
ees were acting as agents, servants, or osten-
sible agents of the district clerk. We affirm.

On September 6, 1990, appellants
were traveling eastbound on Interstate High-
way 10 in an area that was under construc-
tion. At that time, Williams was responsible
for the construction of the roadway, including
marking the lanes. While an employee of
Express, Zachary, was driving an eighteen-
wheeler, he changed lanes or drove outside
the lane in which appellants were traveling.
Zachary's vehicle struck appellants' vehicle,
causing it to spin and hit a cement barrier.
Appellants were thrown about inside their
vehicle. As a result, appellants sustained

severe bodily injuries, including physical pain and mental anguish.

On September 4, 1992, appellants hired a private courier service, City Central Courier, to file their original petition with the Chambers County District Clerk's Office. On that date, Gregory O'Brien Hawkins, an employee with City Central Courier, went to the Chambers County courthouse, but the door was locked. Hawkins then went next door to the Chambers County Sheriff's Department to inquire about a drop box. Leslie Thompson Metcalf, a dispatcher with the sheriff's department, informed Hawkins that she would accept the documents and would transmit them to the district clerk's office on the following business day. Hawkins left appellants' original petition with Metcalf.

On September 9, 1992, appellants' original petition was file-stamped by the Chambers County District Clerk's Office at 3:50 p.m. Appellees, Express and Zachary, filed their original answer asserting a general denial and raising the defenses of contributory negligence, unavoidable accident, and the statute of limitations. Appellee, Williams, filed its original answer on October 15, 1992, asserting a general denial and raising the defenses of the statute of limitations, failure to exercise ordinary care, contributory negligence, conditions over which it had no control, fault of third party, and no negligence.

On January 11, 1993, appellees, Express and Zachary, filed their Motion for Interlocutory Summary Judgment based on the two-year statute of limitations for personal injury in Section 16.003 of the Texas Civil Practice and Remedies Code. On January 27, 1993, appellants filed their response to appellees' motion for summary judgment. Appellees, Express and Zachary, filed their amended motion for summary judgment on March 10, 1993, again asserting the defense of the statute of limitations.

On February 1, 1993, appellee, Williams, filed its Motion for Summary Judgment based on the two-year statute of limitations for personal injury in Section 16.003 of the Texas Civil Practice and Remedies Code. On February 2, 1993, appellees, Express and Zachary, filed their reply to appellants' response to their motion for summary judgment. On April 5, 1993, appellants filed their supplemental response to appellees' motions.

On April 14, 1993, the trial court conducted an oral hearing and requested the parties to file briefs to more fully develop their legal arguments on when appellants' original petition was filed with the court. Appellees filed their brief in support of their motions for interlocutory summary judgment on April 23, 1993, and appellants filed their brief in response to appellees' motions for summary judgment on April 29, 1993. After considering appellees' motions for summary judgment, the trial court granted both motions on June 16, 1993.

In their first and second points of error, appellants assert that the trial court erred in granting appellees' motions for summary judgment because fact issues existed. Specifically, appellants argue that fact issues existed as to: (1) when the lawsuit was filed; (2) whether the sheriff's department was operating a night drop for the district clerk; and (3) whether filing with the sheriff's department constituted constructive possession by the district clerk.

On appeal from the granting of a summary judgment, we must inquire whether the evidence establishes as a matter of law that there is no genuine issue of material fact. *Rodriguez v. Naylor*, 763 S.W.2d 411, 413 (Tex.1989). In deciding whether a disputed material fact issue exists, the evidence must be viewed in favor of the non-movant, resolving all doubts and indulging all reasonable inferences in his favor, and it is taken as true. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant as movant must either: (1) disprove at least one element of each of plaintiff's theories of recovery; or (2) plead and conclusively establish each essential element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). If the movant establishes his right to judgment as a matter of law, the burden shifts to the non-movant to raise fact issues precluding summary judgment. *Id.* at 678.

In the present case, appellees moved for summary judgment based on the running of

the statute of limitations. The defense of statute of limitations is an affirmative defense. *See* TEX.R.CIV.P. 94. A defendant seeking summary judgment on an affirmative defense must establish all elements of the affirmative defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex.1991). When a defendant moves for summary judgment based on the running of limitations, the defendant bears the burden of showing that the suit is barred by limitations as a matter of law. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983).

A summary judgment may be upheld on appeal on only those grounds expressly set out in the motion for summary judgment. TEX.R.CIV.P. 166(a), (c); *Brooks Fashion Stores, Inc. v. Northpark Nat'l Bank*, 689 S.W.2d 937, 941 (Tex.App.—Dallas 1985, no writ).

In its motion for summary judgment, Williams asserted that it was entitled to judgment as a matter of law because the undisputed pleadings disclose that appellants' claim was filed more than two years past the date of the occurrence made the basis thereof. Williams relied on appellants' original petition as summary judgment proof to support its motion.

In their first amended motion for interlocutory summary judgment, Express and Zachary asserted that no genuine issues of fact existed, and appellants' suit was barred by the applicable statute of limitations. Express and Zachary relied on the following summary judgment proof to support their motion: (a) appellants' original petition; (2) their original answer; (3) the certificate of citation issued by the Chambers County District Clerk's Office; and (4) the Texas Peace Officer's Accident Report from the Department of Public Safety.

Appellees argue that appellants' suit is barred by the two-year statute of limitations in section 16.003 of the Texas Civil Practice and Remedies Code, which provides:

(a) A person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, *personal injury*, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). By moving for summary judgment on the basis of the running of limitations, appellees assumed the burden of showing as a matter of law that limitations had commenced and expired.

In this case, appellees' summary judgment proof conclusively established by the police's accident report and appellants' original petition that the date of the alleged automobile accident was September 6, 1990. It is undisputed that the applicable period of limitations is two years from the date of injury. TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). Normally, appellants would have been required to file their personal injury suit by September 6, 1992, which fell on a Sunday. However, when computing the time period within which an action must be taken, as here, the last day of the period is included unless it is a Saturday, Sunday or legal holiday. TEX.R.CIV.P. 4. In which event, the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. *Id.* We note that September 6, 1992, was a Sunday, and September 7, 1992, was Labor Day, which is a legal holiday; and thus, these two days would not be included in the time period. The statute of limitations would not expire until the following day, September 8, 1992. Further, it is undisputed that appellants had to file their suit by September 8, 1992, before the statute of limitations ran on their claim.

Appellees also presented summary judgment proof through the affidavit of R.B. Scherer, Jr., the District Clerk for Chambers County, Texas, that appellants' original petition was not filed on or before the September 8, 1992, deadline. The record also reveals that appellants' original petition is file-marked September 9, 1992, which is the same date recited in the citation and the court's docket sheet. This summary judgment proof establishes that appellants' suit was not filed until September 9, 1992, which is one day after the limitations period ex-

pired. Thus, appellees established their right to summary judgment as a matter of law on their defense of the statute of limitations.

Now, we must determine if appellants' response raised any fact issues that would preclude summary judgment. In their response, appellants asserted that there were genuine issues as to material facts, and appellees were not entitled to summary judgment as a matter of law. Specifically, appellants argued that: (1) the petition was in the constructive possession of the county clerk on September 4, 1992, and therefore timely filed on that date; (2) appellees did not meet their burden of showing that limitations barred suit; and (3) the absence of appellees from the state tolls the statute of limitations as to them.

Appellants' summary judgment proof consisted of: (1) the affidavit of Gregory O'Brien Hawkins, an employee of City Central Courier; (2) the receipt of delivery from City Central Courier; (3) the Texas Peace Officer's Accident Report of the Department of Public Safety; and (4) their original petition.

In their supplemental response, appellants incorporated their original response and exhibits. They also presented the affidavits of Leslie Thompson Metcalf and Joyce Jannise, employees of the Chamber's County Sheriff's Department. In their supplemental response, appellants' argued that the affidavits raised fact questions as to: (1) when the documents were "filed" with the district clerk; (2) whether the sheriff's department was the agent or ostensible agent of the district clerk; and (3) whether possession by the sheriff's department constituted constructive possession by the district clerk. Appellants further argue that these were fact questions to be resolved by the trier of fact and should preclude the granting of appellees' motions.

In the instant case, the central issue is whether appellants' original petition was timely filed. A civil suit in the district or county court is commenced by a petition filed in the office of the clerk. Tex.R.Civ.P. 22. Generally, the filing of pleadings shall be made by filing them with the clerk of the court. Tex.R.Civ.P. 74. A document is "filed" when it is deposited with the clerk of the court for the purpose of making it a part of the records in the case. *See Consolidated Furniture Co. v. Kelly,* 366 S.W.2d 922, 924 (Tex.1963); *Dyches v. Ellis,* 199 S.W.2d 694, 697 (Tex.Civ.App.—Austin 1947, no writ).

■ A document is deemed filed at the time it is delivered to the clerk, regardless of whether it is file-marked. *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 680 (Tex.1979). It is sufficient that the document is placed in the custody or control of the clerk. *Id.* at 681. The purpose of this rule is to protect a diligent party from being penalized by the errors and omissions of the court clerk. *Id.* at 680.

In effect, appellants argue there are fact issues as to whether depositing their petition with the sheriff's department was equivalent to "filing" the petition with the district clerk. Appellants relied on the affidavits of Hawkins, Metcalf, and Jannise to raise a fact issue as to when the petition was deposited with the clerk. The affidavit of Hawkins, an employee of City Central Courier, states in part:

> When I arrived at the Courthouse, the door was locked. I then went next door to the County jail to inquire about a drop box. I was informed that everyone at the Courthouse had left early due to the upcoming holiday week-end and that I could leave the papers with the County Sheriff's office as they regularly accepted papers of this sort and they would normally take them to the Courthouse the next business day. I left the documents with Leslie Metcalf, who was employed with the Chamber County Law Enforcement at approximately 5:00 p.m. on September 4, 1992 and she signed my delivery slip attached as Exhibit A.

The affidavit of Metcalf, the dispatcher for the sheriff's department, states in pertinent part:

> During my employment with Chambers County Sheriff's Department, I have occasionally accepted and signed for documents which *were to be filed* with the district clerk's office. On the 4th day of September, 1992, I signed for certain documents

which *were to be filed* with the district clerk's office. On September 4, 1992, I signed the receipt and accepted the documents for transmittal to the district clerk's office.

It was my regular practice to give these items to the secretary's office at the sheriff's department for transmittal to the district clerk's office. I followed my regular practice in reference to the documents received on September 4, 1992.

On September 4, 1992 when the gentleman leaving the documents asked, I informed him that I would accept the documents and they would be transmitted to the district clerk's office the following business day.

We note that Metcalf's affidavit does not state when the documents were given to the secretary's office for transmittal to the district clerk's office, nor that the petition was filed or transmitted to the district clerk's office on or before September 8, 1992. In fact, Metcalf admits that the documents "were to be filed" with the district clerk, and thus, were not "filed" by her receipt of them.

The affidavit of Jannise, the secretary with the sheriff's department, read in relevant part:

During my employment with Chambers County Sheriff's Department, occasionally when the courthouse was closed, documents which *were to be filed* with the District Clerk of Chambers County, have been left at the Law Enforcement Center. When documents were left with the department, it was my regular procedure to take the documents to the district clerk's office on the next business day.

We note that Jannise's affidavit does not state if or when she received appellants' petition, nor that the petition was filed with the district clerk's office on or before September 8, 1992.

Here, appellants failed to present any summary judgment proof that their petition was filed with or within the constructive custody and control of the district clerk on or before September 8, 1992. We note that it is uncontroverted that the original petition was filed with the clerk on the date of the filemark, September 9, 1992.

Appellants, however, argue that the sheriff's department was acting as an agent, servant, or ostensible agent of the district clerk, and the petition was in the constructive possession of the district clerk on September 4, 1992. The three essential elements required to establish an ostensible agency are: (1) there must be a reasonable belief in the agent's authority; (2) the belief must be generated by some holding out or neglect of the principal; and (3) the party must justifiably rely on the authority. *See Ames v. Great Southern Bank,* 672 S.W.2d 447, 450 (Tex. 1984).

In this case, appellants failed to present any summary judgment proof that their belief in the agency relationship was generated by some holding out or neglect by the district clerk. Further, there is no evidence that the sheriff's department was authorized to act for or on behalf of the district clerk. Thus, appellants failed to raise a fact issue on the second element.

Moreover, appellants failed to present any proof that affirmatively shows that their petition was filed on or before September 8, 1992, or that there was any type of agency relationship between the sheriff's department and the district clerk's office. We find that appellants' summary judgment proof was insufficient to raise a fact issue on appellees affirmative defense of statute of limitations. Thus, the trial court correctly granted appellees' motions for summary judgment. We overrule appellants' first and second points of error.

In their third point of error, appellants allege the trial court erred in shifting the burden to them to show that the county sheriff's office employees were acting as agents, servants, or ostensible agents of the district clerk. In effect, appellants argue that appellees did not meet their summary judgment burden of proof.

When a defendant moves for summary judgment on an affirmative defense, he has the burden to conclusively prove all the essential elements of its defense as a matter of law, leaving no issues of material fact. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). If the defendant estab-

lishes his right to an affirmative defense as a matter of law, the burden shifts to the plaintiff to produce controverting evidence that raises a fact issue on the defendant's affirmative defense. The burden is still on the defendant to negate the issues raised to conclusively establish its right to summary judgment. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975). However, if the plaintiff raises an affirmative defense to counter the defendant's affirmative defense, the plaintiff has the burden of raising a fact issue on each element of his own affirmative defense to avoid the granting of summary judgment. *Id.; see also "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex. 1972).

When summary judgment is sought on the basis of the affirmative defense of limitations, the movant has the burden to show that the non-movant's suit is barred by limitations. *Zale*, 520 S.W.2d at 891. Here, appellees conclusively established their right to summary judgment as a matter of law on the defense of limitations. Thus, appellees sustained their burden of negating any fact issues raised on their defense.

However, appellants sought to defeat appellees' limitations defense by asserting that the sheriff's department was the agent or ostensible agent of the district clerk's office. The doctrine of ostensible or apparent agency is a form of estoppel, which is an affirmative defense. TEX.R.CIV.P. 94; *Nicholson v. Memorial Hosp. System*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Appellants asserted ostensible agency for the first time in their responses to appellees' motions for summary judgment. However, merely raising an affirmative defense will not prevent the rendering of a summary judgment. *Nicholson*, 722 S.W.2d at 749. A genuine issue on *each* element of that affirmative defense must be raised by competent summary judgment proof. Therefore, appellants had the burden to establish a material fact issue on each of the elements of the affirmative defense of ostensible agency, but they failed to do so.

Nevertheless, appellants contend that we should ignore the running of the statute of limitations for equitable reasons. We dis-

agree. Appellants had sufficient time to file their lawsuit before the applicable limitations period had expired. Simply because appellants relied on a third party agent, who in turn relied on another party, to file the lawsuit does not justify superseding the filing limitations. Accordingly, we overrule appellants' third point of error.

The judgment of the trial court is affirmed.