**Opinion filed April 30, 2013**



In The

# Eleventh Court of Appeals

———

## No. 11-11-00083-CV

———

## MICHELLE SMITH, Appellant

V.

## RICHARD LEE KILLION, KILLION INVESTMENTS, INC., AND KILLION PARTNERS, Appellees

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. 30,011**

### M E M O R A N D U M   O P I N I O N

The trial court entered a summary judgment in favor of Appellees on certain claims made in connection with the real property involved in this lawsuit. The trial court also awarded Appellees $44,100 in trial court attorneys' fees and $35,000 in appellate attorneys' fees. We remand a mineral interest issue, modify the judgment to delete appellate attorney's fees, and affirm as modified.

Michelle Smith and Appellees are the owners of adjoining rural acreage in Stephens County.[1] Appellees purchased a portion of their property from Smith's brother. In the deed that Smith's brother gave to Appellees, he mistakenly described Smith's property rather than that which Appellees actually purchased from him. The minerals were not reserved in the deed. The mistake was later corrected as to the surface, but as far as the summary judgment evidence shows, not as to the minerals. One of the issues in this case involves quieting the title to those minerals.

Later, Smith sold Appellees an 85.64-acre tract of land out of the northeast corner of her property. Appellees' property joined Smith's property on the northerly and easterly boundary lines of Smith's tract. A pivot irrigation system is located on the 85.64-acre tract. The south boundary line of Smith's property and of Appellees' property abuts the Clear Fork of the Brazos River. Water was supplied to the pivot system through a buried pipeline that ran from the river and crossed Appellees' property as well as Smith's property. After Appellees bought the 85.64-acre tract, they connected a pump to the irrigation system, brought electricity to it, and began pumping water through the pipeline to the pivot system on the 85.64 acres.

Smith claimed that Appellees trespassed on her property when they cut her fence and dug a trench across her property for the purpose of installing a pipeline and when they installed an electric line across her property. She filed this lawsuit, and in her live pleading, under the heading of "Trespass to Try Title," Smith sought to have Killion Partners, Ltd. "execute all necessary and proper instruments

---

[1]In the notice of appeal, Appellees are listed as Richard Lee Killion, Killion Investments, Inc., and Killion Partners, LP. Those names are used interchangeably throughout the record, and it is sometimes difficult to tell to whom or to what entity reference is being made. Additionally, Killion Partners, LP is sometimes referred to as Killion Partners, Ltd., and sometimes as Killion Partners. We will refer to all of these parties as "Appellees." Some portions of the final judgment refer only to Richard Lee Killion, not to the Killion entities; however, we have not been asked to address that.

to quiet title to the M. Smith Ranch surface and minerals." She also maintained that, if a water pipeline easement had existed across her property, it had been abandoned.

Appellees answered Smith's lawsuit and filed a counterclaim. Among other things, in their second amended original answer, Appellees alleged that, under various legal theories, Smith was estopped from making her non-mineral interest claims. Appellees also alleged that they were entitled to an easement by estoppel, an easement by implication, or an easement by prescription. In their counterclaim, Appellees additionally sought a declaratory judgment concerning "the rights under the deed, contract and conveyance from Smith to Killion selling and conveying all her right title and interest in and to the real property describe [sic] in the deed between the parties Dated March 13, 2003." Appellees sought eight specific declarations from the trial court.

Appellees filed a motion for summary judgment. Smith responded to the motion for summary judgment, and as a part of that response, she filed her own motion for summary judgment. Both of the motions were traditional ones. *See* TEX. R. CIV. P. 166a. After a hearing on Appellees' motion for summary judgment, the trial court entered judgment for Appellees that Richard Lee Killion had an easement by prescription across Smith's land to access certain water rights, that Smith pay to Appellees $44,100 for attorneys' fees, and that Smith pay an additional $20,000 if the case was appealed to the court of appeals and another $15,000 if appealed to the Texas Supreme Court. The trial court also declared that Richard Lee Killion owned the water rights pertaining to the 85.64-acre tract he bought from Smith and that "Defendant/CounterPlaintiff" did not trespass on Smith's property. These latter two declarations are not attacked in this appeal.

Smith does, however, present us with three issues on appeal. In her first issue, Smith argues that the trial court did not address her claim to remove the

cloud on her mineral interest under the tract of land that remained after the sale of the 85.64-acre tract to Appellees. In her second issue, Smith takes the position that the trial court abused its discretion when it awarded attorneys' fees for two reasons: (1) the declaratory judgment counterclaim was used solely as a vehicle to obtain attorneys' fees and (2) there was no evidence raised in the trial court that the appellate attorneys' fees were reasonable and necessary. Lastly, in her third issue, Smith urges us to find that the trial court erred when it granted summary judgment on the pipeline easement issue because her "affidavit showed that the water easement had been abandoned by its non-use for more than 30 years." We will bear in mind that these are the only three issues that we have been asked to address.

*Standard of Review for Summary Judgments*

We will apply the well-recognized standards of review for summary judgments. For traditional motions, questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979).

*The Mineral Interest Claim*

Smith claims that we should remand the mineral interest portion of the case because the trial court has not disposed of the issue even though the judgment is final for purposes of appeal. Smith claimed that she was entitled to have her

4

mineral title quieted as to the balance of her property that remained after the 85.64-acre conveyance.

A judgment might be final for purposes of appeal and yet not dispose of all the issues in the case. *See In re Daredia*, 317 S.W.3d 247, 248–49 (Tex. 2010); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). That is the case here.

First, we note that the two motions for summary judgment are not competing motions for summary judgment on the issue of the mineral interest. If that were the case, we could simply review both and enter the judgment that the trial court should have entered. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *Givens v. Ward*, 272 S.W.3d 63, 67 (Tex. App.—Waco 2008, no pet.). If we were to say that the trial court denied Smith's motion for summary judgment as it pertained to her mineral interest, then it could have done so only because there was a genuine issue of material fact as to the mineral interest claim or because the issue had been established against her as a matter of law. TEX. R. CIV. P. 166a(c). If the trial court had found that a genuine issue of material fact existed, then it could not have entered summary judgment. *Id.* Furthermore, the summary judgment evidence does not show that the issue was established against her as a matter of law. Consequently, the trial court did not dispose of the mineral issue. We agree with Smith that we should remand the mineral interest issue as it pertains to her approximately 281.34-acre tract (that which remained after she conveyed the 85.64-acre tract to Appellees) so that the trial court might dispose of the issue.[2] We sustain Issue One insofar as Smith asserts that the trial court did not dispose of the mineral interest claim.

---

[2]We think that it is clear from pages two and three of Smith's response to Appellees' motion for summary judgment that she is not claiming any mineral ownership in the 85.64 acres she conveyed to Appellees.

5

*Attorneys' Fees*

In her second issue, Smith first takes the position that the trial court abused its discretion when it awarded trial court attorneys' fees to Appellees because they sought a declaratory judgment as a vehicle to obtain attorneys' fees in a case that was actually one in trespass to try title. As to appellate attorneys' fees, Smith also argues that not only is there no summary judgment evidence that those fees were necessary, but also there is no evidence that they were reasonable. She also takes issue with the fact that the appellate attorneys' fees were not conditioned upon her success on appeal.

Attorney's fees are not recoverable in trespass-to-try-title actions or suits to quiet title. *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex. App.— Austin 2006, no pet.); *Roberson v. City of Austin*, 157 S.W.3d 130, 135 (Tex. App.—Austin 2005, pet. denied).

Trespass to try title is statutory and has specific pleading requirements. TEX. PROP. CODE ANN. § 22.001 (West 2000); TEX. R. CIV. P. 783. A suit to quiet title is an equitable action. *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App.— Corpus Christi 1977, writ ref'd n.r.e.). A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title. *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App.— Corpus Christi 1984, writ ref'd n.r.e). A plaintiff in a trespass-to-try-title suit also must rely upon the strength of his own title, not upon the weakness of the defendant's. *Hunt v. Heaton*, 643 S.W.2d 677, 679 (Tex. 1982).

We have examined the pleadings and the summary judgment evidence in this case, and it is clear to us that neither the pleadings nor the proof fit within the parameters of that necessary to plead and prove either a trespass-to-try-title claim or a suit to quiet title. Furthermore, trespass-to-try-title actions involve the right to current possession of the property; an easement is a nonpossessory interest in

6

property. *See Martin v. Amerman*, 133 S.W.3d 262, 265–67 (Tex. 2004) (fence owner must sue under trespass to try title, not declaratory relief, on torn-down fence claim), *superseded in part by statute*, TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(c) (West 2008) (declaratory judgment act is applicable when sole issue is boundary-line dispute); *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 701–02 (Tex. 2002) (electric line easement on private land not an easement for cable television lines). The claims surrounding the water pipeline easement are not trespass-to-try-title claims and do not constitute a suit to quiet title but, rather, are the proper subject of Appellees' declaratory judgment action.

Under the Uniform Declaratory Judgments Act, the court "may award . . . reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). We review a trial court's decision to award attorney's fees under the UDJA for an abuse of discretion. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). We employ a hybrid analysis in which the "reasonable and necessary" requirements are questions of fact determined by the factfinder but the "equitable and just" requirements are questions of law for the court. *Id.* at 161. The party seeking to recover attorney's fees bears the burden of proof. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). Based upon the summary judgment record in this case, we cannot say that the trial court abused its discretion when it awarded trial court attorneys' fees.

As to the amount of the attorneys' fees, the summary judgment proof contained an affidavit by the trial attorney in which he gave his qualifications and experience, reviewed the case, and opined that the trial court attorneys' fees of $44,100 were reasonable and necessary in this case. The attorney did not segregate those fees into amounts that were recoverable and amounts that were not.

7

However, Smith did not object to that failure in the trial court, nor does she raise it here; therefore, we need not further discuss it. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997).

Smith is correct in her argument that there is no summary judgment evidence that Appellees' appellate attorneys' fees are either reasonable or necessary. There must be evidence to support an award of appellate attorney's fees. *Gilbert v. City of El Paso*, 327 S.W.3d 332, 337–38 (Tex. App.—El Paso 2010, no pet.). Further, appellate attorney's fees must be conditioned on success in the appeal. *Id.* Smith's second issue on appeal is overruled insofar as it concerns trial court attorneys' fees, but the issue is sustained as to the award of appellate attorneys' fees.

### The Pipeline Easement

Where a summary judgment does not specify the grounds on which it is based, a reviewing court will uphold the order on any ground asserted by the movant that is supported by the evidence. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989). In those cases where a motion for summary judgment was filed in which specific grounds were asserted, summary judgment cannot be upheld on grounds that were not asserted in the motion, even though the evidence supports the unasserted grounds. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993). Where, as here, the summary judgment specifies the grounds on which the trial court based the summary judgment, we must limit our review to those grounds. *Cox v. Upjohn Co.*, 913 S.W.2d 225, 228 (Tex. App.—Dallas 1995, no writ.). In this case, the trial court specifically limited its declaration by attributing the existence of the easement to one acquired by prescription.

As part of her summary judgment proof in her response to Appellees' motion for summary judgment—which also contained her own motion for

8

summary judgment—Smith attached her affidavit. In that affidavit, she stated that the pipeline easement had been abandoned because of nonuse. There is no summary judgment proof by which the actual existence of the easement is challenged. Pleadings do not constitute summary judgment proof. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. Abandonment is in the nature of an affirmative defense because the party urging it implicitly confesses the existence of the easement. *San Jacinto Sand Co. v. Sw. Bell Tel. Co.*, 426 S.W.2d 338, 344 (Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). In the posture of this case, as the movant on this issue, the burden was upon Smith to raise a genuine issue of material fact regarding the affirmative defense of abandonment. *Id.*; *see also Garza v. Williams Bros. Constr. Co.*, 879 S.W.2d 290, 294–95 (Tex. App.—Houston [14th Dist.] 1994, no writ).

An abandonment does not occur unless there is an intent to abandon. *Milligan v. Niebuhr*, 990 S.W.2d 823, 826 (Tex. App.—Austin 1999, no pet.) (citing *Dallas Cnty. v. Miller*, 166 S.W.2d 922, 924 (Tex. 1942)). Nonuse alone does not result in abandonment of an easement; rather, the "circumstances must disclose some definite act showing an intention to abandon." *Id.* (quoting *Miller*, 166 S.W.2d at 924). Here, Smith argued that the easement had been abandoned. Because mere nonuse is the only summary judgment evidence of record, and because nonuse is insufficient to show abandonment of an easement, and because there is no other summary judgment evidence that there had been an abandonment, the trial court did not err when it declared that Appellees held the easement. Smith's third issue on appeal is overruled.

*This Court's Ruling*

Because the trial court has not disposed of Smith's claim to the mineral interest under the approximately 281.34-acre tract that remained after she conveyed the 85.64-acre tract, that claim is remanded to the trial court. Further,

9

the trial court's judgment is modified to delete the award of appellate attorneys' fees. Otherwise, we affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

April 30, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.