

IN THE
TENTH COURT OF APPEALS

No. 10-13-00413-CR

JAMES EARL WILLIAMS,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-623-C2

MEMORANDUM  OPINION

A jury found James Earl Williams guilty of the June 12, 1998 murder of Darren Lang and assessed an eighty-five year sentence.  His sole issue asserts that the trial court erred by refusing to dismiss the indictment for the 1998 murder on the ground that it was covered by a 2002 plea agreement in which the State allegedly agreed to refuse any other unfiled case that the State had notice of.

On December 2, 1998, Williams was indicted for the offenses of aggravated robbery and aggravated assault.  In a November 16, 2001 letter to Williams, Joe Layman,

Williams's appointed attorney, stated in part:

> I am going to meet with Assistant District Attorney Mark Parker on Tuesday, November 20, 2001. Mr. Parker has been talking to me about an unfiled murder case. I want to look at the District Attorney's files to see what kind of evidence they think that they have against you.

A November 20, 2001 letter from Mr. Layman to Williams also referenced talking to Mr. Parker about "the unfiled murder case."

On February 22, 2002, Williams pled guilty before the Honorable George Allen, then-judge of the 54th District Court, to the offenses of aggravated robbery and aggravated assault in exchange for a fifteen-year sentence. The record from that plea hearing includes the following colloquy:

> THE COURT: And has there been a plea bargain entered into between the State and the defense?
>
> MR. PARKER: Yes, Your Honor. The State's agreed to recommend 15 years confinement in the penitentiary.
>
> THE COURT: Is that your understanding of the plea bargain, Mr. Layman?
>
> MR. LAYMAN: Yes, sir, in each case. And the State, um, is going to refuse prosecution of any other case in which the State has notice, um - -
>
> MR. PARKER: That's correct.
>
> MR. LAYMAN: - - unfiled cases.
>
> MR. PARKER: That's correct.

Williams's argument is that the murder of Darren Lang was an unfiled case that the State had notice of, and as such, the State is barred from prosecuting Williams for that murder based on the above.

In the trial court in the instant murder case, the State, in response to Williams's motion to bar the murder prosecution, filed the affidavits of Mr. Layman and Mr. Parker, both of whom were assistant district attorneys at the time of Williams's murder trial. In his affidavit, Mr. Parker states the following about the plea agreement he had negotiated with Mr. Layman:

> During plea negotiations we had specifically agreed that the potential Murder charge from 1998 would not be taken into consideration in any form whatsoever with these pleas. There was no attempt to have the Murder charge taken into consideration under § 12.45 of the Texas Penal Code and the Defendant in no manner admitted or asked the court to take into account the Murder offense in determining the sentence for the offenses of which he had been adjudged guilty. The State of Texas at no time has filed any written statements stating that the State wished to dismiss the Murder offense.

In his affidavit, Mr. Layman states: "The plea agreements in these cases did not in any way include consideration of an unindicted murder charge against Mr. Williams." It is undisputed that none of the plea documents refer to the murder charge.

> Once a negotiated plea agreement is formally accepted by the trial court, a binding contractual relationship exists between the State and the defendant. *Ortiz v. State,* 933 S.W.2d 102, 104 (Tex. Crim. App. 1996); *Wright v. State,* 158 S.W.3d 590, 593-94 (Tex. App.—San Antonio 2005, pet. ref'd). The Texas Court of Criminal Appeals has written that a defendant is entitled to specific performance of a negotiated plea agreement once that plea agreement has been accepted by the trial court, unless, of course, specific performance is impractical; in such cases, the defendant should be permitted to withdraw his or her plea. *Perkins v. Third Supreme Judicial Dist. of Tex., at Austin,* 738 S.W.2d 276, 283 (Tex. Crim. App. 1987). Consequently, where the State or a trial court has refused to comply with a negotiated plea agreement (which has been previously accepted by that trial court), defendants have been able to successfully seek specific enforcement of the agreement, where practicable. *See, e.g., id.* at 277-78 & 285; *Wright,* 158 S.W.3d at 594-95. Such a maxim should be of equal benefit to the State. *See Ricketts v. Adamson,* 483 U.S. 1, 9-12, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (Arizona entitled to seek prosecution of original charge of capital murder,

and seek death penalty, once defendant breached agreement to truthfully testify against codefendants).

> Because a negotiated plea agreement is a contract between the parties, we generally turn to the rules applicable to contract construction to resolve disputes about the meaning of a negotiated plea agreement. *See generally Ex parte Adkins*, 767 S.W.2d 809, 810 (Tex. Crim. App. 1989). Contract construction is a matter of law. *See Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999). "A court's primary concern is to ascertain and give effect to the parties' intentions as expressed in the instrument." *Diaz*, 9 S.W.3d at 803. "Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered." *Hawthorne v. Countrywide Home Loans, Inc.*, 150 S.W.3d 574, 577 (Tex. App.—Austin 2004, no pet.) (citing *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)). "Only when a contract is first determined to be ambiguous may the courts consider the parties' interpretation and consider extraneous evidence to determine the true meaning of the instrument." *Hawthorne*, 150 S.W.3d at 577 (citing *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520).

*Hatley v. State*, 206 S.W.3d 710, 718 (Tex. App.—Texarkana 2006, no pet.) (footnote omitted).

We agree with the State that, at the very least, the phrase "any other case in which the State has notice … unfiled cases" is ambiguous. And given that the plea documents do not refer to the murder charge, that Mr. Parker and Mr. Layman both state that the murder case was not included the plea agreement, and that the record reflects other unfiled cases that the State had notice of that relate to the aggravated robbery and aggravated assault charges,[1] we hold that the trial court did not err in denying Williams's motion to dismiss the murder indictment.

---

[1] The offense reports pertaining to the aggravated robbery and assault charges reflect that Williams entered a victim's home and robbed him at gunpoint and shot another victim. A nine-year-old bystander allegedly was struck by a stray bullet and suffered a superficial wound. Williams was not charged with either criminal trespass or injury to a child, neither of which are lesser-included offenses of the charged offenses of aggravated robbery and aggravated assault.

We overrule Williams's sole issue.  The trial court's judgment is affirmed.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray dissents)
Affirmed
Opinion delivered and filed July 30, 2015
Do not publish
[CRPM]

