**Allison BROWN, Appellant,**

v.

**Paul SHORES, Appellee.**

No. 14–01–00523–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 25, 2002.

Kurt Godfrey Clarke, Houston, for appellants.

1. *See* Tex.R. Civ. P. 106(b)(1).

2. Limitations is an affirmative defense that is waived if not pleaded. *See* Tex.R. Civ. P. 94

Kenna M. Seiler, Conroe, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## MAJORITY OPINION

JOHN S. ANDERSON, Justice.

Appellant Allison Brown appeals a take-nothing summary judgment in favor of appellee Paul Shores. We affirm.

## PROCEDURAL BACKGROUND

This personal injury case arises from an automobile accident that allegedly occurred February 12, 1998. On January 23, 2000, Brown filed an original petition and requested service at that time. The citation listed "15342 East Barber Circle, Houston, Texas 77079," as Shores' address. According to the constable's return, filed February 22, 2000, four attempts at service in February were unsuccessful.

On July 31, 2000, Brown filed a motion for substituted service.[1] Brown again sought service on Shores at "15342 East *Barber* Circle, Houston, Texas 77079" (emphasis added). The trial court granted the motion on August 10, 2000.

On September 19, 2000, Brown filed an amended motion for substituted service, this time requesting service at "15342 East *Barbara* Circle, Houston, Texas 77079" (emphasis added). The court granted the motion on September 19, 2000. Shores was served September 27, 2000.

Shores answered. He did not plead limitations or lack of due diligence in service.[2] He did, however, file a motion

(listing statute of limitations as affirmative defense that shall be set forth in pleading to preceding pleading); *Moore v. Rotello,* 719

for summary judgment alleging limitations had expired and Brown's service efforts lacked due diligence. The motion was set for hearing March 19, 2001. Brown filed her response March 23, 2001. On March 26, 2001, the trial court granted the motion. The order states the court heard the motion the same day.

## DISCUSSION

In a single issue, Brown argues her summary judgment proof created a fact issue on whether she exercised due diligence in procuring the issuance and service of citation, and therefore the trial court erred when it granted summary judgment on limitations grounds. To answer this issue, we must first determine what summary judgment proof was properly before the court and then determine whether that proof conclusively proved limitations barred her suit.

**1. What summary judgment proof was properly before the court?** The summary judgment hearing was set for March 19, 2001. According to the final summary judgment order, the court heard the motion March 26, 2001. Brown filed her response by after hours filing March 23, 2001. "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." TEX.R. CIV. P. 166a(c). Re-

gardless of whether the hearing was March 19 or March 23, Brown's response was untimely.[3] Although she sought leave of court to file an out-of-time response, there is no order in the record to indicate the court granted leave.

When there is no order in the record granting leave for a late filing by the non-movant, we must presume the trial court did not consider the filing in rendering the take-nothing summary judgment. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996) (citing *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985)); *Hubert v. Ill. State Assistance Comm'n*, 867 S.W.2d 160, 162 n. 1 (Tex.App.-Houston [14th Dist.] 1993, no writ). The contentions Brown raises in her appeal and the proof to which she points were therefore not before the trial court. *See Thibodeaux v. Spring Woods Bank*, 757 S.W.2d 856, 858–59 (Tex.App.-Houston [14th Dist.] 1988, no writ). Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. TEX.R. CIV. P. 166a(c); *Thibodeaux*, 757 S.W.2d at 859. We therefore consider only Shores' summary judgment proof.

**2. Did Shores' summary judgment proof conclusively establish limitations had expired on Brown's claim?** The movant for summary judgment has the burden of showing there is no genuine

S.W.2d 372, 380 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) (stating general limitations statute is procedural and may be waived if not affirmatively pleaded). Brown, however, did not object in the trial court to Shores' failure to plead limitations, and she therefore cannot address that failure for the first time in this court. *See Webster v. Thomas*, 5 S.W.3d 287, 289 n. 1 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (holding because appellant's response did not bring failure to plead limitations to trial court's attention, appellant could not raise issue on appeal); *Bazile v. Aetna Cas. and Sur. Co.*, 784 S.W.2d 73,

74 (Tex.App.-Houston [14th Dist.] 1989, writ dism'd) (stating appellant waived point by failing, at summary judgment hearing, to object to appellee's failure to plead limitations).

3. In *Horne v. Charter National Insurance Co.*, the court of appeals accepted the date of the hearing recited in the summary judgment order despite the appellee's representation the hearing was held on an earlier date. 614 S.W.2d 182, 184 (Tex.Civ.App.-Fort Worth 1981, writ ref'd n.r.e.)

issue of material fact and he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). When deciding whether there is a disputed material fact issue precluding summary judgment, the appellate court must take as true all evidence favorable to the non-movant. *Id.* at 548–49. The reviewing court must indulge every reasonable inference in favor of the non-movant and resolve any doubts in her favor. *Id.* at 549. When a movant seeks summary judgment because limitations expired, it is the movant's burden to conclusively establish the bar of limitations. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975) (per curiam).

Brown's cause of action accrued February 12, 1998. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex.1998) (stating cause of action generally accrues, and statute of limitations begins to run, when facts come into existence that authorize claimant to seek judicial remedy); *Garza v. Williams Bros. Constr. Co.*, 879 S.W.2d 290, 292 (Tex.App.-Houston [14th Dist.] 1994, no writ) (setting date of accident as starting point for limitations period). Limitations expired February 12, 2000. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2002) (providing person must bring suit for personal injury no later than two years after day cause of action accrues).

 Brown filed her suit January 23, 2000, before limitations expired. The rule, however, is a plaintiff must file a lawsuit and perfect service before limitations expire. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990) (stating mere filing of suit will not interrupt running of limitations). If a plaintiff files suit before limitations, but effects service after limitations, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam). To obtain summary judgment on the grounds an action was not *served* within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Id.* Lack of diligence may be shown as a matter of law based on unexplained lapses of time between the filing of the petition and service on the defendant. *Id.* Thus, when a defendant has affirmatively pleaded the defense of limitations and has shown, with summary judgment proof, that plaintiff failed to timely serve the defendant, the burden shifts to the plaintiff to explain the delay. *Murray*, 800 S.W.2d at 830. Plaintiff's claim will be barred in the absence of some evidence explaining the delay in service of citation. *See id.*

 Here, Shores' summary judgment proof reflects an unexplained lapse of slightly more than five months between the constable's February 22 return of Brown's original petition citation, unserved, and Brown's July 31 motion for substituted service. Because Brown's summary judgment response was not properly before the trial court, she did not explain this delay in serving citation on Shores. This unexplained delay between the return of Brown's citation unserved and the later service on Shores is, as a matter of law, not due diligence in procuring citation and effecting service. *See Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.-Corpus Christi 1991, no writ) (holding unexplained delay of five months after the expiration of limitations not due diligence in procuring issuance and service of citation). Accordingly, Brown's suit was barred by limitations, and we overrule Brown's sole appellate issue.

We affirm the judgment of the trial court.

SCOTT BRISTER, C.J., concurring.

SCOTT BRISTER, Chief Justice, concurring.

I concur in the Court's opinion and judgment, but write separately to address several difficult points in the Texas Supreme Court opinions governing this very common dispute.

This case involves a common-law exception to limitations—the distressingly frequent situation in which suit is filed shortly before a limitations deadline, but not served until well after. In such cases, filing interrupts limitations only if the plaintiff uses due diligence in service. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990).

I agree the issue of diligent service was raised in this case, even though Shores (the defendant) did not plead limitations, and Brown (the plaintiff) did not plead due diligence in avoidance. Unpleaded issues may be tried by consent in summary judgment proceedings if no one objects. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex.1991). Shores addressed diligent service in his motion (the

*only* issue he raised), and no one objected to any lack of pleadings.[1] The question then is who had to do what.

### Plead or Prove?

Unfortunately, that is not entirely clear. In 1975, the Texas Supreme Court held that if a plaintiff merely *pleads* diligence, a defendant filing a limitations summary judgment must disprove diligence as a matter of law. *See Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975). Fifteen years later, the Court required *more* than a pleading, stating that upon a defendant's motion showing service after the limitations deadline, "the burden shifts to the plaintiff ... to explain the delay." *Murray*, 800 S.W.2d at 830. The Supreme Court did not mention *Zale* in *Murray*, and indeed has never mentioned the two cases in one opinion. Though it is possible to reconcile the facts in the two cases,[2] it is not easy to reconcile the rules stated in them.[3]

Other exceptions to limitations show the same ambivalence about what a plaintiff must do. Sometimes a plaintiff needs only a pleading. Thus, if a plaintiff pleads the discovery rule, the defendant must negate it as a matter of law. *Pustejovsky v. Rapid–American Corp.*, 35 S.W.3d 643,

---

**1.** Indeed, it is hard to imagine any filed-before-but-served-after limitations motion that would not raise the diligent service issue. When drafting a motion for summary judgment in such cases, defense counsel will undoubtedly notice that the date of filing is *within* rather than *beyond* the limitations period. This will inevitably lead either to: (1) abandoning the motion, or (2) arguing that service was delayed due to lack of diligence.

**2.** In *Zale*, service occurred thirty-two days after limitations ran, and the plaintiff corporation presented evidence that its attorney died two months earlier, that the attorney who filed the suit was acting only on an interim basis, and that the corporation had no address for one defendant and incorrect ad-

dresses for the other two. *Zale Corp. v. Rosenbaum*, 517 S.W.2d 440, 442–43 (Tex. App.-El Paso 1974), *reversed*, 520 S.W.2d 889 (Tex.1975). This would certainly appear to meet the *Murray* requirement that the plaintiff present evidence explaining any delay. But because the Texas Supreme Court mentions none of these facts, it is clear this was not the basis for the Court's opinion.

**3.** Arguably, *Zale* holds only that the lower court erred by placing the burden of *proof* on the plaintiff, not the burden of *raising a fact issue*. But this would require a deliberate misconstruction of the lower court's opinion, which held that the only burden the plaintiff had was the latter. *See Zale*, 517 S.W.2d at 442.

646 (Tex.2000). If the plaintiff merely pleads a statutory tolling provision, the defendant must again prove the opposite. *Jennings v. Burgess,* 917 S.W.2d 790, 793 (Tex.1996).

But with other exceptions, a plaintiff must present proof in response to a limitations motion—merely pleading the matter is not enough. Thus, a plaintiff cannot just plead fraudulent concealment, but must present evidence that supports it. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 750 (Tex.1999). Similarly, a plaintiff relying on the open courts provision must present evidence that (1) there was no reasonable opportunity to discover the alleged wrong and sue within the limitations period, and (2) suit was filed within a reasonable time after discovery. *Shah v. Moss,* 67 S.W.3d 836, 847 (Tex.2001).

I believe the *Murray* rule requiring some proof is the one we must apply, and not just because it is the more recent opinion. The diligent-service question focuses almost entirely on the efforts and thoughts of plaintiff's counsel, so the initial burden of presenting evidence should rest there, too. *See* 2 McCormick on Evidence § 337 *Allocating the Burdens of Proof* (John W. Strong ed., 5th ed.1999). Otherwise, every one of these numerous cases will begin with the defendant sending a notice to depose plaintiff's counsel and a subpoena for all files, phone records, calendars, personal organizers, and so on. This will start any case off on the wrong foot.

In the present case, I agree with the Court that Brown's response was untimely, though it is troubling that (1) our record includes a vacation letter showing Brown's counsel was on vacation at the time a response was due; and (2) although Brown's motion for leave was file-stamped on March 23, 2001, the trial court's docket sheet reflects that it was not filed until March 26, 2001, *after* the summary judgment was granted. Nevertheless, it was her counsel's duty to get a ruling on that motion, and none is included. Thus, she has presented no evidence to explain any delay in service.

But Shores did. In his summary judgment motion, Shores not only proved the dates of the auto accident, filing, and service, but went further and included Brown's motion and affidavit for substituted service. These explained some (but not all) of the delay. Generally, we review all testimony in the summary judgment record, without regard to which party filed it. *See Wilson v. Burford,* 904 S.W.2d 628, 629 (Tex.1995). Thus, there was some evidence explaining Brown's delay in service.

### *Prove or Raise?*

But was it enough? *Murray* requires a plaintiff to present evidence to "explain the delay" in service. 800 S.W.2d at 830. Forty-nine days before *Murray,* the Texas Supreme Court held in *Gant v. DeLeon* that "the [defendant] must show that, as a matter of law, diligence was not used to effectuate service." 786 S.W.2d 259, 260 (Tex.1990). If "explain" means the same thing as "prove," these contemporaneous opinions would conflict.

To avoid this conflict, *Murray* must be read to impose only a burden to present some evidence, similar to that imposed on a non-movant who receives a no-evidence motion for summary judgment. *See* Tex.R. Civ. P. 166a(i). *Murray* does not shift the burden of proof. If the plaintiff presents some evidence, the burden shifts back to the defendant to show why those explanations are insufficient as a matter of law. *Belleza–Gonzalez v. Villa,* 57 S.W.3d 8, 11 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Diligent-service cases have not always made clear this distinction between

the burden of *raising a fact issue* and the burden of *proof*.[4]

Some confusion may stem from the unique requirements and circumstances in diligent-service cases. First, the plaintiff usually has *all* the evidence, consisting of conversations and directions by counsel before the defendant even knew of the suit. Second, the plaintiff's evidence must explain *every* period of delay. *See Gant*, 786 S.W.2d at 260. Third, each explanation must be *legally proper*. *See, e.g., Belleza–Gonzalez*, 57 S.W.3d at 11 (holding unenforceable oral agreement to delay service was insufficient to show diligence); *Broom v. MacMaster*, 992 S.W.2d 659, 665 (Tex. App.-Dallas 1999, no pet.) (holding plaintiff's desire to obtain remand from federal court did not justify delay in serving defendant). Thus, a plaintiff's effort to *raise* a fact issue will often *prove or disprove* diligence as a matter of law. Nevertheless, *Murray* imposes only the former burden, not the latter.

In this case, the substituted service affidavit shows several unsuccessful attempts at service within three weeks of filing. But the affidavit itself was not signed until five months later, and states no basis for the delay in seeking substituted service. Without any explanation as to this gap, this is not enough to meet Brown's *Murray* burden. Therefore, I join in the Court's judgment.

---

**4.** *See, e.g., Seagraves v. City of McKinney*, 45 S.W.3d 779, 782 (Tex.App.-Dallas 2001, no pet.) (stating plaintiff carries burden to "prove" due diligence); *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (same); *Belleza–Gonzalez v. Villa*, 57 S.W.3d 8, 11 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (stating plaintiff carries burden to "demonstrate" due diligence); *Allen v. City of Midlothian*, 927 S.W.2d 316, 320 (Tex.App.-Waco 1996, no pet.) (same).