In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-410 CV


____________________



JEANNIE WEBB, Appellant



V.



MARY ELLEN GLASS, as heir to the Estate of George Glass, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 01-11-06790-CV






MEMORANDUM OPINION


 This appeal is taken from a final summary judgment granted in favor of Mary Ellen
Glass against Jeannie Webb. Finding no genuine issue of material fact on the appellant's due
diligence, we affirm.

 On November 5, 2001, Webb filed suit against George Glass for personal injuries
resulting from a car accident occurring November 5, 1999. Citation was requested when suit
was filed and delivered to a private process server on November 12, 2001. The citation was
returned unserved to the district clerk's office on January 16, 2002. The reason given for not
executing the citation was that George Glass died on January 9, 2001. Citation to George
Glass was then reissued on September 12, 2003, and served on George's wife, Mary Glass,
on September 26, 2003. (1) 

 Glass moved for summary judgment asserting Webb's claims were barred by the
statute of limitations. To toll the statute of limitations, a plaintiff must not only file suit
within the limitations period but exercise due diligence in procuring the issuance and service
of citation. See Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990). Webb responded to the
motion asserting due diligence was exercised. "The existence of due diligence is usually a
fact question determined by a two-prong test: (1) whether the plaintiff acted as an ordinarily
prudent person would have acted under the same or similar circumstances; and (2) whether
the plaintiff acted diligently up until the time the defendant was served." Rodriguez v.
Tinsman & Houser, Inc., 13 S.W.3d 47, 49 (Tex. App.--San Antonio 1999, pet. denied). "A
lack of diligence will be found as a matter of law, however, if no valid excuse for lack of
service is offered, or if the lapse of time and the plaintiff's acts, or inaction, conclusively
negate diligence. An offered explanation must involve diligence to seek service of process." 
Id. (citations omitted).

 We apply a de novo standard of review to summary judgments. Bowen v. El Paso
Elec. Co., 49 S.W.3d 902, 904 (Tex. App.--El Paso 2001, pet. denied). Summary judgment
is proper only when the movant shows there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law. Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001);
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); see also Tex. R. Civ. P.
166a(c). In reviewing a trial court's decision to grant summary judgment, we resolve all
doubts against the movant and view the evidence in the light most favorable to the
nonmovant. Shah, 67 S.W.3d at 842; Bowen, 49 S.W.3d at 904.

 "When the defendant moves for summary judgment and shows that service occurred
after the limitations period expired, the burden shifts to the plaintiff to offer an explanation
for the delay. See Carter v. MacFadyen, 93 S.W.3d 307, 313 (Tex. App.--Houston [14th
Dist.] 2002, pet. denied); see also Brown v. Shores, 77 S.W.3d 884, 889-90 (Tex. App.--
Houston [14th Dist.] 2002, no pet.) (Brister, C.J., concurring) . . . This means only that the
plaintiff must point to evidence that raises a fact issue on diligence." Tranter v. Duemling,
129 S.W.3d 257, 260 (Tex. App.--El Paso 2004, no pet.)(citing Brown, 77 S.W.3d at 889-90). "[A] fact issue exists if the offered explanation is reasonable or valid." Rodriguez, 13
S.W.3d at 50. "If the plaintiff satisfies this burden, the burden shifts back to the defendant
to show why the explanation is insufficient as a matter of law." Tranter, 129 S.W.3d at 260
(citing Carter, 93 S.W.3d at 313; Brown, 77 S.W.3d at 889 (Brister, C.J., concurring))
(footnote omitted).

 Webb's explanation for the delay is set forth in counsel's affidavit. He averred that
after the process server was informed of George's death, the following occurred:

 During the next several months, our office continually called the
probate clerk[']s office in Harris County, Texas, as well as the district clerk's
office in Montgomery County, Texas, to inquire as to weather [sic] a probate
case had been opened for Mr. Glass in either county so that the representative
of his estate appointed in such case could be served with the citation in this
suit. We continued these efforts on at least a monthly basis through
November, 2002, and each inquiry returned the same result: that no probate or
estate administration procedure had been initiated for Mr. Glass' estate. 
Throughout this time, becuas eof [sic] Mr. Glass' death, there was no legally
identifiable person to serve with process.


 At this time, our office attempted to secure a copy of the death
certificate of Mr. Glass, but was, again, unable to obtain the same through
Harris and Montgomery Counties, each reporting that it had not received any
information regarding the death of anyone by that name. We then tried, on
different occasions, to acquire the same throught [sic] the State of Texas
Bureau of Vital Statistics. As late as January 17, 2003, the State of Texas
informed us that it had no record of the death of George Glass. Please see the
documents attached hereto as Exhibit "1" to this affidavit and incorporated
herein by this reference.


 We sought a copy of the death certificate for George Glass in order to
file a motion with the Court requesting that it issue and [sic] order to the
district clerk to issue a scire facias for Mary Glass, as an heir of George Glass,
requiring her to appear and defend the lawsuit. After subsequent attempts with
Harris County to procure the death certificate proved fruitless, we filed
anouther [sic] request form for the Court to issue new citation to Mr. Glass on
September 10, 2003, and instructed Mr. Sharp to serve the same on Mary
Glass, the widow of George Glass, in order to keep the suit moving until a
death certificate could be had or a probate/administration action filed.


 After this citation was served on or about October 2, 2003, Defendant
answered and identified hereself [sic] in her capacity as heir of the estate of
George Glass.[ (2)] Defednat [sic] filed a motion to quash service and to abate
the case because citation in the name of George Glass was improper because
of his death and because the Petition did not name Mary Ellen Glass in her
capacity as heir of the estate of George Glass. The parties entered into
agreement that the Defendant would withdraw its motion to quash and to abate
if the Plaintiff agreed to amend its suit to name Mary Ellen Glass in her
capacity as heir of the estate of George Glass. Plaintiff amended its petition on
January 20, 2004.


Attached to the affidavit is a request to the Texas Department of Health, dated December 11,
2002, seeking a verification of death. Another request was sent January 14, 2003. The
Department replied on January 17, 2003, that a search of their files failed to show a record
registered in the name provided. (3) 

 On appeal, Webb claims because a reasonable explanation for the delay was given,
the question of diligence is a fact question for the jury to decide. Glass asserts Webb has
failed to explain every period of delay. Specifically, Webb argues there is no evidence of
activity or attempts to effectuate service from January 17, 2003, until September 10, 2003,
a lapse of nine months. 

 According to counsel's affidavit, from January until September of 2003, attempts were
being made to secure a death certificate from Harris County in order to secure a scire facias.
However, counsel's only proffered explanation for the time period from January 17, 2003
through September 10, 2003, is ". . . subsequent attempts with Harris County to procure the
death certificate proved fruitless, . . ." with no specific actions or efforts expressly set forth
in his affidavit. The duty to use due diligence continues from the date suit is filed until the
defendant is served. Eichel v. Ullah, 831 S.W.2d 42, 44 (Tex. App.--El Paso 1992, no writ). 
Even though counsel was faced with a perplexing situation with the death of the defendant
before suit was filed, Texas law suspends the applicable limitations period for twelve months
to provide for this contingency. See Tex. Civ. Prac. & Rem. Code Ann. §16.062(a). "The
primary purpose of a statute of limitations is to compel the exercise of a right within a
reasonable time so that the opposite party has a fair opportunity to defend while witnesses
are available and the evidence is fresh in their minds." Continental Southern Lines, Inc. v.
Hilland, 528 S.W.2d 828, 831 (Tex. 1975). The Texas Supreme Court has held that where
an individual whose conduct allegedly gave rise to an action has died, suit is properly
brought against the decedent's personal representative or, if unavailable, the heirs or
beneficiaries. Rooke v. Jenson, 838 S.W.2d 229, 230 (Tex. 1992). Webb has failed to
provide this Court, nor has this Court discovered, any precedent holding that scire facias
cannot issue against the heirs of a deceased defendant upon suggestion of death without a
certified copy of a death certificate. The unexplained period of nine months in this case,
without any activity seeking service of process, after the applicable limitations period has
been suspended for twelve months, conclusively negates diligence as a matter of law, and the
trial court correctly entered summary judgment against Webb.

 The judgment of the trial court is affirmed.

 AFFIRMED.



 ___________________________________

 CHARLES KREGER 
 Justice


Submitted on August 18, 2005

Opinion Delivered August 31, 2005



Before Gaultney, Kreger, and Horton, JJ.
1. A suit for personal injury is governed by the two-year limitations period as provided
by Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002). The death of a person
against whom or in whose favor there may be a cause of action suspends the running of an
applicable statute of limitations for 12 months after the death. Tex. Civ. Prac. & Rem. Code
Ann. §16.062(a) (Vernon 1997).
2. On October 21, 2003, a Suggestion of Death was filed. 
3. The letter indicates "SEARCH 2002 TO PRESENT." A date of death was not
provided in either request for verification.