Affirmed and Memorandum Opinion filed September 20, 2005









Affirmed and Memorandum Opinion
filed September 20, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00639-CV

_______________

 

HABIBOLLAH YAZDCHI AND MOHAMAD YAZDCHI, Appellants

 

V.

 

WASHINGTON MUTUAL, Appellee

______________________________________________________________

 

On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 03‑CV‑133487

______________________________________________________________

 

M
E M O R A N D U M   O P I N I O N

Appellants
Habibollah Yazdchi and Mohamad Yazdchi (the AYazdchis@) sued appellee Washington Mutual for
allegedly paying checks from their account without authorization.  The trial court granted summary judgment to
Washington Mutual on limitations grounds, and on appeal, the Yazdchis contend
the trial court erred because Washington Mutual failed to conclusively prove
their claims were time-barred.  We
affirm.








I. 
Factual Background

The Yazdchis opened a money-market deposit account with
Savings of America, predecessor in interest to Washington Mutual (the ABank@), in early 1999.  The Bank subsequently paid two checks drawn
on the Yazdchis= accountBBone for $18,000 on September 16, 1999 and one for $354.23 on
November 1, 1999BBwhich the Yazdchis claimed were unauthorized withdrawals.[1]  They filed suit against the Bank on December
16, 2003, asserting causes of action for conversion, breach of contract, breach
of fiduciary duty, and negligence.   The
Bank moved for summary judgment as to all claims on limitations grounds, and
the trial court granted the motion.  This
appeal ensued.

II. 
Discussion

A.        Standard of
Review

Because the propriety of a summary judgment is a question of
law, we review the trial court=s decision de novo.  Taub
v. Aquila Sw. Southwest Pipeline Corp., 93 S.W.3d 451, 462 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(citing Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994)).  In conducting our review, we
view the evidence in the light most favorable to the nonmovant and resolve any
doubts in his favor.  Sci. Spectrum,
Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Once the movant establishes summary judgment
is proper, the burden shifts to the nonmovant to raise any issues that would
preclude summary judgment.  Pennwell
Corp. v. Ken Assocs., Inc., 123 S.W.3d 756, 760 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied).








A defendant moving for summary judgment on limitations grounds
has the burden to prove that affirmative defense as a matter of law, including
proving when the cause of action accrued. 
KPMG Peat Marwick v. Harris County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  Generally, when a
cause of action accrues is a question of law. 
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
221 (Tex. 2003).  In most casesAs a rule,
a cause of action accrues and the statute of limitations begins to run when a
wrongful act causes an injury, even if the fact of injury is not discovered
until later.  Id.; Franco v.
Slavonic Mut. Fire Ins. Ass=n, 154 S.W.3d 777, 789 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(citing Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990)).

B.        Analysis

On appeal, although the Yazdchis= list five issues presented for our
review, they argue generally only two issues: 
the trial court erred by granting summary judgment because (1) the Bank
failed to prove when the causes of action accrued, and (2) the Yazdchis= affidavit of non-receipt of the bank=s statements raised a fact issue
precluding summary judgment.        We begin our analysis by addressing the
Yazdchis= argument regarding their affidavit
of non-receipt.

1.         The
Yazdchis= Response

In its summary judgment motion, the Bank argued that the
Yazdchis= claims were time-barred because all
had accrued when the allegedly unauthorized checks were paid, and the Yazdchis
received notice of the payments by way of the Bank=s statements.  A few days before the hearing on the motion,
the Yazdchis responded with affidavits in which they disputed ever receiving
the Bank=s statements.  They assert these affidavits of non-receipt
create a fact issue precluding summary judgment because the affidavits
controvert the Bank=s evidence of when the causes of action accrued.[2]









Except on leave of court, the non-movant in a summary
judgment must file his response and opposing affidavits at least seven days
prior to a summary-judgment hearing.  See
Tex. R. Civ. P. 166a(c).  If the response is filed late and the record
does not reflect that leave was granted, we presume the trial court did not
consider the response in rendering its decision.  See INA of Tex. v. Bryant, 686 S.W.2d
614, 615 (Tex. 1985); Brown v. Shores, 77 S.W.3d 884, 886 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  When a response is not filed, the
nonmovant can only attack the legal sufficiency of the movant=s summary judgment evidence on
appeal.  City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678B79 (Tex. 1979). 

Here, the summary judgment hearing occurred on April 1, 2004,
but the Yazdchis filed their response and affidavits on March 29, just three
days before the hearing.  The record does
not indicate the trial court granted leave for the late filing.  Thus, we must presume the trial court did not
consider the response and affidavits in rendering its summary judgment.  See Tex.
R. Civ. P. 166a(c); INA, 686 S.W.2d at 615.  Accordingly, we do not consider the
affidavits in this appeal.  See Tex. R. Civ. P. 166a(c); see also
Brown, 77 S.W.3d at 886  (holding, AIssues not expressly presented to the
trial court by written motion, answer or other response shall not be considered
on appeal as grounds for reversal.@).; Brown, 77 S.W.3d at 886.

2.         The
Bank=s Summary Judgment Motion








In its summary judgment motion, the Bank claimed that the
two- and four-year statutes of limitations[3]
apply to the Yazdchis= claims and, alternatively, that the three-year statute of
limitations set out in section 4.111 of the Uniform Commercial Code (AUCC@)[4]
is applicable.  The Bank argued that,
regardless of which limitations period applies, the Yazdchis= claims are time-barred because all
the causes of action accrued, and limitations commenced, when the Bank paid the
checks,, which was more than four years before the Yazdchis filed suit.  The Bank attached copies of the statements
mailed to the Yazdchis= address, showing the dates the disputed checks were paid,
and an affidavit from a corporate representative stating these statements are
routinely mailed to the customer within ten to fourteen days from the end of
the period reflected on the statement.

At oral argument, the Yazdchis agreed with the Bank, that the
three-year statute of limitations imposed by the UCC applies, but continued to
assert that the Bank failed to prove when the limitations period
commenced.  Whether the longest
applicable limitations period is three years or four, however, we hold that the
Bank=s summary judgment evidence
conclusively established the Yazdchis= suit was time-barred. 

As a general rule, a cause of action accrues when an injury results
from a wrongful act, regardless of when the plaintiff learns of his
injury.  Childs v. Haussecker, 974
S.W.2d 31, 36 (Tex. 1998).  If the nature
of the injury is inherently undiscoverable, however, the discovery rule may
apply to toll the limitations period until a claimant knew or should have known
of his injury.  See S.V. v. R.V.,
933 S.W.2d 1, 6 (Tex. 1996).  If the
plaintiff pleads the rule as an exception to limitations, the defendant has the
burden to negate the discovery rule. See Rhone‑Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999). 








As the Bank argued, the Yazdchis= claims for negligence, conversion,
and breach of contract accrued when the Bank paid the checks.  See Stine v. Stewart, 80 S.W.3d 586,
592 (Tex. 2002) (stating breach of contract claim accrues at breach); Millan,
90 S.W.3d at 764 (stating a conversion cause of action accrues when facts come
into existence authorizing a claimant to seek a judicial remedy); Goose
Creek Consol. Indp. Sch. Dist. v. Jarrar=s Plumbing, Inc., 74 S.W.3d 486, 493 (Tex. App.CTexarkana 2002, pet. denied)
(stating, AThe cause of action accrues when the
negligent act is committed.@); see also Waxler v. Household Credit Servs., Inc.,
106 S.W.3d 277, 280 (Tex. App.CDallas 2003, no pet.) (examining accrual of a negligence
cause of action under the common law, determining it accrues when the the tort
is committed and a legal injury sustained).[5]  Their breach of fiduciary duty claim accrued
when the Yazdchis knew, or should have known with the exercise of reasonable
diligence, that the Bank paid the checks. 
See Estate of Fawcett, 55 S.W.3d 214, 221 (Tex. App.CEastland 2002, pet. denied). 

The statement attached to the Bank=s motion, for the period ending
November 12, 1999, shows that the last disputed withdrawal occurred on November
1, 1999; however, the Yazdchis did not file their suit until December 16, 2003,
more than four years after receiving the statements.[6]  Moreover, the Yazdchis do not dispute that
the causes of action accrued on the date of injury, when the Bank paid the
allegedly unauthorized withdrawals, nor did they plead the discovery rule or
argue that their injuries were inherently undiscoverable.  








Without controverting proof, the Bank=s summary judgment evidence
conclusively establishes that the Yazdchis= claims were time-barred.  See, e.g., Hassell v. Mo. Pac. R.R.
Co., 880 S.W.2d 39, 43 (Tex. App.CTyler 1994, writ denied) (concluding
letter sent informing claimant of injury established claimant was on notice of
his injury and when his cause of action accrued).[7]  We overrule the Yazdchis= appellate issues and affirm the
trial court=s judgment

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed September 20, 2005.

Panel consists of
Justices Edelman, Guzman, and Smith.[8]


Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Originally,
the Yazdchis also claimed an $86.76 withdrawal was unauthorized, but abandoned
that claim.  





[2]  At oral
argument, the Yazdchis further claimed that accrual of their causes of action
hinged on whether their account was classified as a general or a special
deposit, and the account=s classification was not proven as a matter of
law.  See generally Hodge v. N. Trust
Bank of Tex., 54 S.W.3d 518, 525B26 (Tex.
App.CEastland 2001, pet. denied) (explaining the
significance of the distinction between general and special deposits).  We cannot, however, reverse summary judgment
on an argument that was not presented to the trial court.  Tex.
R. Civ. P. 166a(c); Hawthorne v. Countrywide Home Loans, Inc.,
150 S.W.3d 574, 578 (Tex. App.CAustin 2004, no pet.).





[3]  The
statute of limitations for negligence and conversion is two years, and for
breach of contract and breach of fiduciary duty, four years.  See Tex.
Civ. Prac. & Rem. Code Ann. ''
16.003, 16.004(a)(5), 16.051 (Vernon 2002); Millan v. Dean Witter Reynolds,
Inc., 90 S.W.3d 760, 764 (Tex. App.CSan
Antonio 2002, pet. denied).





[4]  Tex. Bus. & Comm. Code Ann. ' 4.111 (Vernon 2002).





[5]  Assuming
without deciding the UCC governs the Yazdchis= causes
of action, we would still conclude that the causes of action accrued when the
Bank paid the checks.  The statute of
limitations in the UCC provides:  AAn action to enforce an obligation, duty, or right
arising under this chapter must be commenced within three years after the cause
of action accrues.@  See Tex. Bus. & Com. Code Ann. '' 4.401(a), 4.111 (Vernon 2002).  When a statute fails to define when the cause
of action accrues, we look to the common law to determine the accrual
date.  KPMG Peat Marwick, 988
S.W.2d at 750.  AdditionallyAnd, Texas
courts use the date a check was paid as the accrual date for a cause of action
for improper payment.  See, e.g., Stone
v. First City Bank of Plano, 794 S.W.2d 537, 542 (Tex. App.CDallas 1990, writ denied) (stating cause of action was
time-barred because it was not filed within two years from the date the check
was paid).       





[6]  The
statement reflecting the first allegedly unauthorized withdrawal, which
occurred on September 16, 1999, was also in the record.  





[7]  See
also Herrera v. Emmis Mortgage, Inc.,
No. 04-95-00006-CV, 1995 WL 654561, *4 (Tex. App.CSan
Antonio Nov. 8, 1995, writ denied) (holding that summary judgment proof of
notice was legally sufficient).  





[8]  Senior
Justice Jackson B. Smith, Jr. sitting by assignment.