Affirmed and Memorandum Opinion filed December 8, 2005









Affirmed
and Memorandum Opinion filed December 8, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00154-CV

____________

 

MARY ANN GUILLEN, Appellant

 

V.

 

WILLIAM A. FRELS,
AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ARNOLD H. FRELS, Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 01-48091

 



 

M E M O R A N D U M   O P I N I O N

In this personal injury case, appellant
Mary Ann Guillen appeals from a take-nothing summary judgment, based solely on
the ground of limitations, in favor of appellee William A. Frels, as personal
representative of the Estate of Arnold H. Frels, William=s father.  We affirm.








Factual and
Procedural Background

In summary form, the following events
culminated in service of process on William Frels (AWilliam@ or AFrels@) on December 22,
2003:[1]

September 20, 1999 - Guillen and Arnold Frels were
involved in the automobile accident giving rise to the present lawsuit;

November 30, 2000 - 
Arnold Frels moved to an assisted living facility;

September 19, 2001 - 
Guillen filed her original petition, indicating Arnold could be served
at 2032 Thonig, Houston, Texas;

September 27, 2001 - Citation was issued for Arnold at
2032 Thonig, Houston, Texas;

October 5-15, 2001 - Deputy Constable E.W. Godfrey attempted service on Arnold
at 2032 Thonig, and returned the unexecuted citation stating, ABad Address Per Mr. Betzen 4/01
Called Attorney, No Answer at Phone Number Returned to Court No Response from
Attorney@;    

January 24, 2002 - Harris County Deputy Constable E.L. Turnipseed executed an
affidavit regarding attempted service on Arnold at 1107 Appleford Drive,
Seabrook, Texas, and stated  AI was advised that Defendant was put
in a nursing home because of illness, however his son who is his caretaker
resides at the above address and citation could be left with him@; 








January 28, 2002 - Guillen filed a motion for
substituted service requesting service on someone over the age of 16 at William=s residence, 1107 Appleford Drive;

January 30, 2002 - The trial court signed an order
granting Guillen=s motion for substituted service at 1107 Appleford Drive;

February 21, 2002 - 
Arnold died;

March 19, 2002 - William qualified as executor of
Arnold=s estate;

April 16, 2002 - Deputy Turnipseed received the
citation along with the January 30, 2002 order for substituted service;

May 22, 2002 - Officer Turnipseed returned the
citation unexecuted, showing three attempts at service, and stated AReturn to Court - Defendant Deceased
Feb 2002 per son@;

June 3, 2002 - The trial court signed an order dismissing the case for
want of prosecution;  

July 2, 2002 - Guillen filed a motion to
reinstate after dismissal without prejudice, attaching the affidavit of
attorney Boma O. Allison, who stated, APlaintiff has tried diligently to
serve defendant and he has been avoiding service.  Plaintiff has new information whereby
defendant can be served@;

July 8, 2002 - The trial court signed an order
granting Guillen=s motion to reinstate;

September 30, 2002 - Guillen filed a motion to retain
the case on the docket and included Allison=s statement under oath, AWe have tried diligently to serve
defendant and the constable has indicated that the defendant might be in a
nursing home or deceased and we would pray for additional time to amend
petition to include Defendant=s estate@;








October 2, 2002 - The trial court signed an order
granting Guillen=s motion to retain the case on the docket;

February 21, 2003 - Guillen filed another motion to
retain the case on the docket and stated, AMovant has been trying diligently to
serve the Defendant and now has conclusive information that Defendant had been
dead for some time.  Movant would like
additional time to amend her pleadings to serve the heirs to Defendant=s Estate and prosecute this suit@;

February 24, 2003 - The trial court signed an order
retaining the case on the docket;

October 31, 2003 - Guillen filed an amended petition
naming William Frels as personal representative of the estate of Arnold Frels.

November 20, 2003 - Process server Roderick M. McGowan
executed an affidavit, in which he indicated three unsuccessful attempts at
service at 1107 Appleford Drive;

December 3, 2003 - Guillen filed a motion for
substituted service;

December 4, 2003 - The trial court signed an order
granting substituted service by taping the petition to the door;

December 22, 2003 - William Frels was served.








William Frels answered, asserting the
defense of limitations, among other matters. 
He then filed a hybrid traditional and no-evidence motion for summary
judgment.  Frels alleged the following
grounds: (1) Guillen=s lawsuit is time barred; (2) Guillen
failed to accomplish service with due diligence, and thus did not toll the
running of limitations; and (3) alternatively, for Ano evidence@ summary judgment
purposes, Guillen could not show the exercise of due diligence with regard to
service.  In support, he attached his
affidavit, recounting Arnold=s relocation to a
nursing home and subsequent death, William=s receipt of
business cards from process servers, William=s calls to the
process servers, and service by notice taped to his door during the last week
of December, 2003.  He also attached a
copy of the letters testamentary, showing his qualification as independent
executor of Arnold=s estate on March 19, 2002.

Guillen responded, arguing she exercised
due diligence in serving Arnold before his death.  She claimed the following categories of
summary judgment proof raised a genuine issue of material fact on the issue of
due diligence: (1) the pleadings and other documents in the trial court=s file and (2)
attached documents consisting solely of Allison=s, Turnipseed=s, and McGowan=s affidavits, a
January 24, 2002 facsimile coversheet from Turnipseed, and the October 2001
unexecuted return for service at 2032 Thong.[2]

In his reply to the response Frels argued
Guillen=s explanations for
the delay failed as a matter of law.  He
listed multipleAsignificant time periods@ as exemplifying
Guillen=s lack of
diligence: (1) the ten month period between Arnold=s move to assisted
living and Guillen=s filing of the lawsuit, during which
Guillen could have discovered Arnold=s new address; (2)
the three month period between the October 2001 return of unexecuted service
and Guillen=s January 2002 motion for substituted
service, (3) the two and a half month period from the January 30, 2002 order
for substituted service and the constable=s April 16, 2002
receipt of the order, (4) the seventeen months between the constable=s May 22, 2002
return of unexecuted service, noting Arnold=s death and  Guillen=s October 2003
filing of her amended petition naming the administrator of Arnold=s estate, and (5)
the eight monthsCcontained within the latter periodCbetween the trial
court=s February 24, 2003
order retaining the case on the docket and Guillen=s filing of  her amended petition.








Frels also disputed the representation in
Allison=s July 2, 2002
affidavit that the defendant had been avoiding service.  Frels referred to the May 22, 2002 return
containing the statement ADefendant deceased Feb 2002 per son.@    Frels also referred to his affidavit, in
which he stated he twice returned calls to process servers who had left
business cards on his door.[3]

The trial court granted Frels=s summary judgment
motion without stating the grounds and ordered Guillen take nothing.

Discussion

I. 
Issues Presented and Standard of Review

Guillen raises the following two issues:
(1) whether Arnold=s unavailability and that of Ahis caretaker, and
elusive executor for service of process will be imputed to [Guillen] as lack of
diligence,@ and (2) whether Frels=s summary judgment
proof established Guillen=s lack of diligence as a matter of
law.  Both issues are directed at the
trial court=s grant of Frels=s motion for
summary judgment.

The movant for summary judgment has the
burden to show there is no genuine issue of material fact and he is entitled to
judgment as a matter of law.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  When deciding whether there is a disputed
material fact issue precluding summary judgment, the appellate court must take
as true all evidence favorable to the non‑movant.  Id. at 548B49.  The reviewing court must indulge every
reasonable inference in favor of the non‑movant and resolve any doubts in
its favor.  Id. at 549.








A defendant moving for a traditional
summary judgment assumes the burden of showing as a matter of law the plaintiff
has no cause of action against it.  See
Levesque v. Wilkens, 57 S.W.3d 499, 503 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  Traditional
summary judgment for a defendant is proper only when the defendant negates at
least one element of each of the plaintiff=s theories of
recovery, or pleads and conclusively establishes each element of an affirmative
defense.  Science Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 


Additionally, after sufficient time for discovery has passed,
a party may file a Ano evidence@ motion for summary judgment if there is no evidence of one
or more essential elements of a claim or defense on which an adverse party
would have the burden of proof at trial. 
See Tex. R. Civ. P.  166a(i). 
As with the traditional summary judgment, in reviewing a Ano evidence@ summary judgment, we review the
evidence in the light most favorable to the nonmovant and disregard all
evidence and inferences to the contrary. 
Coastal Conduit & Ditching, Inc. v. Noram Energy Corp., 29
S.W.3d 282, 284 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  We sustain a no evidence summary judgment if
(1) there is a complete absence of proof of a vital fact; (2) rules of law or
evidence bar the court from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
scintilla; or (4) the evidence conclusively establishes the opposite of a vital
fact.  Id.

Because the propriety of summary judgment
is a question of law, we review the trial court=s decision de
novo.  Brown v. Blum, 9 S.W.3d
840, 844 (Tex. App.CHouston [14th Dist.] 1999, pet. dism=d w.o.j.); see
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). When a party
moves for summary judgment on both traditional and no‑evidence grounds
and the trial court does not specify which it granted, we can uphold the
summary judgment on either ground.  See
Taylor v. Carley, 158 S.W.3d 1, 8 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).[4]

II. 
Propriety of Summary Judgment on Limitations








Guillen=s cause of action
accrued September 20, 1999.  See Brown
v. Shores, 77 S.W.3d 884, 887 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (setting date of accident as date cause of action
accrued).  Limitations expired September 20,
2001.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.003(a) (Vernon
Supp. 2005) (providing person must bring suit for personal injury no later than
two years after day cause of action accrues). 
Guillen filed her original petition September 19, 2001, one day short of
the two-year period.  It is undisputed
that Guillen did not effect service until December 22, 2003, over four years
after the accident.  As this court
explained in Carter v. MacFadyen:

Filing suit interrupts limitations
only if a plaintiff exercises diligence in serving the defendant.  When a defendant moves for summary judgment
and shows that service occurred after the limitations deadline, Athe burden shifts to the plaintiff
. . . to explain the delay.@  The plaintiff=s evidence must explain every
period of delay.  Once the plaintiff
presents an explanation, the burden shifts back to the defendant to show why
those explanations are insufficient as a matter of law.

 

93 S.W.3d 307, 313 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied) (citations omitted).

Due diligence requires the plaintiff to
exercise the diligence to procure service that an ordinarily prudent person
would have used under the same or similar circumstances.  Belleza‑Gonzalez v. Villa, 57
S.W.3d 8, 12 (Tex. App.CHouston [14th Dist.] 2001, no pet.).
Generally, the question of diligence is a question of fact.  Id. 
Nevertheless, lack of diligence may be shown as a matter of law based on
unexplained lapses of time between the filing of the petition and service on
the defendant.  Brown, 77 S.W.3d
at 887.








The summary judgment proof in the present
case fails to raise a genuine issue of material fact regarding Guillen=s diligence during
the eight month period from February 24, 2003, when the trial court granted
Guillen=s motion to retain
the case on the docket and October 31, 2003, when Guillen filed her amended
motion naming William Frels as personal representative of Arnold=s estate.  In her motion to retain the case on the
docket, Guillen represented she then had Aconclusive
information@ Arnold had been dead for some time; she
also requested additional time to amend her pleadings Ato serve the heirs
to [Arnold=s] estate and to prosecute this suit.@  Yet, she waited eight months to file an
amended pleading.  There is nothing in
the summary judgment proof explaining this period of delay.[5]  This unexplained eight-month delay alone
conclusively negates diligence as a matter of law.[6]  See id. (holding unexplained delay of
slightly more than five months not due diligence as a matter of law); Belleza-Gonzales,
57 S.W.3d at 11B12 (citing cases in which delays of five
to six months established lack of due diligence as a matter of law); Pitula
v. Valera, No. 12-01-00302-CV, 2002 WL 1065971, at *2 (Tex. App.CTyler May 22,
2002, no pet.) (not designated for publication) (holding failure to serve
administrator of defendant=s estate for
approximately six months after being notified of defendant=s death showed
lack of due diligence as matter of law).

We overrule Guillen=s two issues.

Conclusion

Having overruled Guillen=s two issues, we
affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed December 8, 2005.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.











[1] Both parties included in the appendices to their
briefs, documents that were not part of the appellate record.  Attachment of documents as exhibits or
appendices to briefs is not formal inclusion in the record on appeal, and we
cannot consider such documents.  Nguyen
v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  In response to this court=s order, however, the clerk of the district court has
now provided a supplement to the clerks record containing the documents, and we
therefore consider those documents.





[2]  Guillen also argued Frels=s no evidence motion was premature.





[3]  In his
affidavit, Frels stated process servers had left business cards on his door in
September 2001 and May 2002.  The
attempted service in September 2001, however, was at 2032 Thong.  By January 24, 2002, Turnipseed was able to
state William could be served at 1107 Appelford.





[4]  On appeal,
Guillen does not renew her argument that Frels=s no
evidence motion was premature.





[5]  Unlike
Attorney Allison=s July 2, 2002 affidavit in which Allison made a
conclusory allegation the defendant had Abeen
avoiding service,@ Allison=s
December 3, 2003 motion in support of service by taping the petition to the
door, makes no similar allegation.





[6]  By not
discussing other periods of delay in the more than four years between the
accident and service on William, we do not mean to imply that Guillen=s explanations were sufficient to raise the issue of
diligence during those periods.