**Affirmed and Majority and Concurring Memorandum Opinions filed March 19, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00938-CV

---

**ADRIENNE GALLIEN, Appellant**

**V.**

**GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-10149**

---

## MAJORITY MEMORANDUM OPINION

Appellant, Adrienne Gallien, appeals a summary judgment in favor of appellee, Goose Creek Consolidated Independent School District ("Goose Creek"),

in Gallien's suit based on nonrenewal of her one-year term employment contract. We affirm.

## I. BACKGROUND

Gallien filed suit asserting various claims against Goose Creek based on two general factual allegations: (1) Goose Creek discharged Gallien for reporting to multiple governmental agencies that she was instructed by superiors to alter records to falsely reflect students had completed certain courses and met graduation requirements; and (2) Goose Creek failed to provide the required notice of the proceedings relative to non-renewal of her contract and failed to conduct open meetings.

Goose Creek filed a motion for summary judgment. The trial court signed an order granting the motion and dismissing all of Gallien's claims with prejudice.

## II. ANALYSIS

In five issues, Gallien contends the trial court erred by granting summary judgment on the following claims: (1) violations of the Texas Commission on Human Rights Act, (2) violations of the Texas Open Meetings Act, (3) violations of the Texas Term Contract Nonrenewal Act, (4) violations of the Texas Whistleblower Act, and (5) breach of contract based on wrongful termination.[1]

Goose Creek filed one pleading, asserting both traditional and no-evidence motions for summary judgment on all these claims, except the claim of harassment or racial discrimination, on which Goose Creek presented only no-evidence grounds, to the extent a claim was pleaded. Exhibits comprising more than 440

---

[1] The above-listed claims are the only ones on which Gallien challenges the summary judgment on appeal. Therefore, Gallien has waived a challenge to summary judgment on any other claims. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001).

pages were attached to Goose Creek's combined motions for summary judgment. The trial court granted summary judgment for Goose Creek without specifying the grounds relied on.

## A. No-Evidence Summary Judgment Grounds

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Pico v. Capriccio Italian Restaurant, Inc.*, 209 S.W.3d 902, 905 (Tex. App.— Houston [14th Dist.] 2006, no pet.). The movant must state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i). Goose Creek stated the following grounds in support of its no-evidence motion for summary judgment.

### Texas Open Meetings Act

Goose Creek asserted Gallien has no evidence that Goose Creek was required to conduct public meetings on proceedings pertaining to non-renewal of her contract, that she requested public meetings, or that Goose Creek failed to provide the required notice. *See* Tex. Gov't Code Ann. § 551.074(a)(1), (b) (West 2012) (providing that a meeting "to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee . . . . " is exception to requirement that meetings of governmental body shall be open to public, but exception does not apply if employee requests public hearing); *id.* § 551.041 (West 2012) (requiring governmental body to give certain written notice of meetings).

**Texas Term Contract Nonrenewal Act**

Goose Creek asserted Gallien has no evidence that Goose Creek failed to allow her the opportunity for a hearing as provided by the Texas Term Contract Nonrenewal Act. *See generally* Tex. Educ. Code §§ 21.206–.209 (West 2012) (prescribing procedures for nonrenewal of certain employees' term contracts, including provisions regarding notice to employee and hearing on proposed nonrenewal).

**Texas Whistleblower Act**

Goose Creek asserted Gallien has no evidence that her report to various agencies regarding Goose Creek's alleged violations of law "was the but-for cause of [Goose Creek's] suspending, firing, or otherwise discriminating against [Gallien] at the time [Goose Creek] took that action." *See Guillaume v. City of Greenville*, 247 S.W.3d 457, 463–64 (Tex. App.—Dallas 2008, no pet.) (reciting elements of claim under Texas Whistleblower Act); *see generally* Tex. Gov't Code Ann. §§ 554.001–.010 (West 2004).

**Breach of Contract / Wrongful Termination**

Goose Creek asserted that Gallien has no evidence she performed, tendered performance of, or was excused from performing her contractual obligations, or that Goose Creek breached the contract by wrongfully discharging Gallien. *See West v. Triple B Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (reciting elements of breach-of-contract claim).

**The Texas Commission on Human Rights Act ("TCHRA")**

Gallien contends the trial court erred by granting summary judgment on her claim for violations of the TCHRA because Goose Creek did not expressly move

for summary judgment on that claim. On appeal, Gallien suggests that Goose Creek violated the TCHRA via "retaliation, demotion and discriminatory employment practices to effect a constructive or de facto discharge." *See generally* Tex. Lab. Code Ann. §§ 21.051, 21.055 (West 2006) (rendering unlawful certain types of discriminatory employment practices, including practices based on employee's race, as well as retaliation by an employer for employee's opposition to, or complaints about, such practices). However, Gallien did not plead a claim under the TCHRA in the trial court. At the outset of her original petition Gallien did generally assert, as a factual allegation, that she was harassed because of her African-American race and an "undertone" of racial intolerance was always apparent. In the "Conclusion" or "Prayer" sections of her petitions, Gallien made isolated, general allusions to "prejudice," "racial discrimination" and "discriminatory termination." However, the focus of Gallien's claims of retaliation and discriminatory employment practices were her allegations under the Whistleblower Act and Goose Creek's alleged failure to comply with procedural requirements relative to nonrenewal of Gallien's contract. Gallien did not plead any claims based on alleged harassment or discrimination or retaliation because of race, much less mention the TCHRA, by name or statutory citation.

To the extent Gallien's allusions may be construed as pleading a general claim for harassment or discrimination based on race, or even a claim under the TCHRA, Goose Creek asserted in the no-evidence motion that Gallien has no evidence she was subjected to harassment or discrimination based on race.

5

## B.     Summary-Judgment Response

When a movant files a proper no-evidence motion for summary judgment, the burden shifts to the respondent; unless the respondent produces summary-judgment evidence raising a genuine issue of material fact, the trial court must grant the motion for summary judgment. Tex. R. Civ. P. 166a(i); *Urena*, 162 S.W.3d at 550; *Pico*, 209 S.W.3d at 905. To defeat a no-evidence motion for summary judgment, the non-movant need not marshal her evidence but must point out in her response evidence raising a genuine issue of fact as to the challenged elements. *See* comment to Tex. R. Civ. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002); *Pico*, 209 S.W.3d at 912; *see also Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding non-movant's failure to respond to no-evidence motion was "fatal" to ability to successfully attack summary judgment on appeal); *Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858, at *2–5. (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.) (holding that trial court is not required to review evidence presented by movant to support traditional portion of a combined motion for summary judgment to determine whether that evidence raises a fact issue on the no-evidence ground, absent a timely response by non-movant); *Modelist v. Deutsche Bank Nat'l Trust Co.*, No. 14-10-00249-CV), 2011 WL 3717010, at *1, *3 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, no pet.) (mem. op.) (summarily affirming summary judgment on no-evidence grounds when movant filed combined motion but non-movant failed to respond); *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518, at *3–6 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.) (affirming no-evidence summary judgment when non-movant filed one-half-inch-thick stack of evidence but page-and-a-half response which

6

generally stated the attached evidence raised a fact issue but failed to cite argument or specific evidence supporting challenged causes of action; "trial court is not required, sua sponte, to assume the role of [non-movant's] advocate and supply his arguments for him"); Judge David Hittner and Lynne Liberato, *Summary Judgments In Texas*, 47 S. TEX. L. REV. 409, 488 (2006) ("Responding to a no-evidence summary judgment motion is virtually mandatory.").

It is undisputed Gallien filed her response late, and without leave of court. *See* Tex. R. Civ. P. Rule 166a(c) (providing that, except on leave of court, a summary-judgment response must be filed no later than seven days before hearing date). On appeal, Gallien acknowledges her summary-judgment response was untimely filed and "not properly before the trial court." Because the trial court did not grant leave for late filing of the summary-judgment response, we presume the trial court did not consider the response. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Brown v. Shores*, 77 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Gallien asserts that, although she "would have preferred to present evidence in response to" the motion, she may still contend on appeal that the grounds expressly presented in the motion for summary judgment are insufficient as a matter of law to support summary judgment. However, Gallien then advances cases and argument applicable to traditional summary-judgment grounds, *see, e.g.*, *M.D. Anderson Hospital and Tumor Institute v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000), without regard to the fact that Goose Creek also asserted no-evidence grounds. When, as in this case, the trial court does not specify in the order the grounds relied upon in granting summary judgment, we must affirm the summary

judgment if any of the grounds presented are meritorious. *See Urena*, 162 S.W.3d at 550; *Pico*, 209 S.W.3d at 905.

Despite acknowledging she did not timely file a response to the motion for summary judgment, Gallien cites evidence attached to other filings, such as her petition, the record of the hearing on her request for a temporary injunction, Goose Creek's response to Gallien's request for mandamus, and a motion to exclude certain evidence. However, absent a timely summary-judgment response identifying evidence purportedly defeating the no-evidence grounds, the trial court was not required to search the record to find any such evidence. *See Lee v. Palacios*, No. 14–06–00428–CV, 2007 WL 2990277, at *2 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, pet. denied) (mem. op.); *see also Burns*, 2006 WL 461518, at *3–6.

Finally, Gallien also cites evidence attached to her motion for new trial. Assuming, without deciding, that Gallien timely filed a motion for new trial, there is no indication the trial court considered any such evidence; there was no signed order on the motion for new trial, and it was denied by operation of law. *See Lee*, 2007 WL 2990277, at *2 (refusing to consider evidence attached to non-movant's motion for new trial after grant of summary judgment without indication trial court considered this late-filed evidence); c*f. Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 702 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (considering evidence presented to support motion for new trial when reviewing summary judgment because trial court affirmatively indicated in written order that it considered the evidence yet confirmed summary-judgment ruling by denying new trial).

In summary, because Gallien failed to timely respond to the properly filed no-evidence motion for summary judgment, the trial court did not err by granting

no-evidence summary judgment on her claims. Accordingly, we overrule all of Gallien's issues and affirm the trial court's judgment.


/s/ Margaret Garner Mirabal
Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal (McCally, J., concurring).[2]

---

[2] Senior Justice Margaret Garner Mirabal sitting by assignment.